ANNE F. HUNTER, Plaintiff-Appellant, *v.* GEORGE T. HUNTER, Defendant-Appellee.

First District (4th Division) No. 61431

Opinion filed May 26, 1976.

Anne F. Hunter, of Chicago, for appellant, *pro se*.

George T. Hunter, of Chicago, for appellee, *pro se*.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

On October 3, 1968, plaintiff, Anne F. Hunter, filed a complaint for separate maintenance against the defendant, George T. Hunter. Defendant filed a counter complaint for divorce on January 13, 1969, alleging desertion, beginning April 25, 1967, as a ground for divorce. A decree of divorce was entered upon this counterclaim on July 2, 1969. On November 6, 1974, over five years after the decree was entered, plaintiff filed a *pro se* petition seeking to vacate the divorce decree, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72(3).) Defendant was served a copy of the petition, and notice of the filing thereof. He did not appear or file an answer in response to the petition. Thereafter, plaintiff moved for judgment on her petition. On December 19, 1974, the circuit court judge denied relief and dismissed the petition, because said petition was not filed within the statutory two-year limitation. Plaintiff filed a notice of appeal and has filed a *pro se* brief in this cause. Defendant has failed to answer, and no brief has been filed for the defendant-appellee.

The issue is whether the plaintiff's petition alleging fraud extends the limitation period and whether the circuit court judge abused his discretion in denying the petition to vacate the divorce decree.

Included in Anne Hunter's petition to vacate the divorce decree were xerox copies of two writings allegedly sent by the defendant to his employer for insurance purposes, showing his wife named as Linda Van, and showing the names and dates of birth of his two daughters (Jennifer, born January 11, 1968, and Crystal, born April 15, 1969). Neither of these writings was dated or signed, and neither is of evidentiary value. Therefore, it was proper for the circuit court judge to refuse to extend the statutory two-year limitation.

Plaintiff, in her brief, cites *People v. Jennings* (1971), 48 Ill. 2d 295, 269 N.E.2d 474, as authority; however, that case is not in point and does not apply.

■■ A motion to vacate a judgment is addressed to the sound discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. See *Nagel v. Wagner* (1964), 46 Ill. App. 2d 2, 196 N.E.2d 728.

■■ To obtain an order opening or vacating a judgment, the applicant must allege and show she has a good and meritorious defense or, if the application is made by the plaintiff, that she has a good and meritorious cause of action. It must appear a retrial will result in a judgment different than the one sought to be vacated. In the absence of such showing, the judgment will not be opened. The power to vacate a judgment ought not to be exercised where it appears on a new trial the same judgment would be rendered. See *Keller v. Hyland Builders Corp.* (1962), 38 Ill. App. 2d 209, 186 N.E.2d 787.

A review of the record does not indicate plaintiff-appellant made an adequate showing a meritorious defense could be made to the countercomplaint. The circuit court judge did not abuse his discretion in refusing to vacate the judgment of divorce.

The judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.