*In re* MARRIAGE OF MANUELA WANDA YAKUBEC, Petitioner-Appellee, and JOSEPH ANTHONY YAKUBEC, Respondent-Appellant.

First District (1st Division)   Nos. 85—0507, 85—0810 cons.

Opinion filed March 30, 1987.

Terrence Michael Jordan, of Chicago, for appellant.

John W. Purney, of Roselle, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:
This consolidated appeal arises out of post-decree proceedings

brought by the petitioner, Manuela Wanda Yakubec, against the respondent, Joseph Anthony Yakubec, for payment of arrearages in child support and maintenance. The trial court denied Joseph's petition to vacate the divorce decree of the parties and entered judgment against him in the amount of $30,480. Further, after a rule to show cause was returned unsatisfied, the court ordered that Joseph be held in contempt of court and sentenced him to 60 days' incarceration. Joseph appeals from both orders, contending that (1) the trial court erred in dismissing his motion to vacate the divorce decree and affirmative defenses to the rule to show cause; (2) the trial court erred when it found no *laches* on the part of Manuela where she failed to assert her claim for past-due child support for more than 15 years; (3) Manuela was not the proper party in interest to bring the post-decree proceedings; and (4) he was entitled to an evidentiary hearing prior to being found in contempt of court and sentenced to a period of incarceration.

A decree for divorce was entered between the parties on February 20, 1969, which required Joseph to pay $40 in child support and $15 as maintenance per week. Joseph filed no responsive pleadings in the divorce action. The minor child of the parties, Joseph, was born on July 9, 1966. On May 2, 1984, Manuela filed a petition for rule to show cause alleging that Joseph was $31,000 in arrears in child-support payments and $7,230 in arrears in maintenance payments. In response, Joseph filed a petition to vacate and to void the divorce decree pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Joseph also filed a response to the petition for rule to show cause. In both the petition and response, Joseph alleged that Manuela had fraudulently concealed the fact that the minor child was not his son and that she failed to comply with the statutory requirements for revival of judgments. (Ill. Rev. Stat. 1983, ch. 110, par. 12—108.) The trial court dismissed the petition to vacate the divorce decree and struck those paragraphs of the response to the rule to show cause which alleged fraud, lack of parentage, and failure to comply with the statute regarding revival of judgments.

At the hearing on the rule to show cause, Joseph testified that he was currently employed as a bindery operator and his rate of pay was $13 per hour. He had built a home for himself and held title in his name. He stated that he paid child support for approximately 13 weeks following the entry of the judgment for divorce. Also, he had bought Manuela an automobile for approximately $1,300. He had not sought a modification of the child-support or maintenance order and stopped making payments since Manuela had told him that she did

not want him to see the child.

Manuela testified that she had remarried on June 3, 1978. She stated that Joseph had never paid her maintenance but had paid her child support for approximately 13 weeks. When she would ask Joseph for the money, he would refuse to pay. In 1984 she told Joseph that she was going to initiate legal action to enforce the divorce decree. He responded that he would not pay any amounts because he did not believe he was the father of the child.

The trial court entered judgment against Joseph for arrearages due Manuela in the amounts of $30,480 for child support and $5,830 for maintenance and ordered that a rule to show cause be issued returnable *instanter*. Thereafter, the court found the rule to be returned unsatisfied and found Joseph guilty of contempt of court and sentenced him to 60 days' incarceration.

I

Joseph first contends that the trial court erred in dismissing his section 2—1401 petition to vacate and affirmative defense to the rule to show cause. Both the petition and the affirmative defense alleged fraud on the part of Manuela based on the fact that the minor child was not Joseph's child and that Manuela failed to comply with the statute regarding revival of judgments. Ill. Rev. Stat. 1983, ch. 110, par. 12—108.

■■ ■ In considering Joseph's section 2—1401 petition, the law is settled that a petitioner must show due diligence in seeking to vacate the judgment or final order or the petition will be denied. (*Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 410 N.E.2d 1166; *Martinez v. Valdez* (1973), 9 Ill. App. 3d 895, 293 N.E.2d 443.) Judgments are not to be set aside simply because the party adversely affected by such judgment comes into court and asserts that the judgment was premised on false facts and that a good defense exists. (*Bennett v. Gollant* (1970), 127 Ill. App. 2d 224, 262 N.E.2d 34.) Further, a petition to vacate is addressed to the sound discretion of the trial court and will not be set aside on review absent an abuse of discretion. *Hunter v. Hunter* (1976), 39 Ill. App. 3d 220, 349 N.E.2d 519.

■ Joseph testified that he learned in early 1984 that he was not the father of the minor child when Manuela admitted this fact to him. He did not, however, pursue any action until he was served a petition for rule to show cause to enforce the past-due child-support and maintenance provisions of the decree for divorce. Under these circumstances, where Joseph showed a complete lack of diligence in pursuing his rights, we find no abuse of discretion by the trial court in

denying the petition to vacate the divorce decree.

■ We also find that the matters alleging fraud and failure to comply with the statute regarding revival of judgments were properly stricken as affirmative defenses to the petition for rule to show cause. The record reveals that Joseph admitted in his response to the rule to show cause that Joseph Anthony Yakubec was the minor child of the parties. He further admitted that he failed to pay child support and maintenance and that the arrearages owing to Manuela were in excess of $31,000. The doctrine of *res judicata* provides that a cause of action finally determined by a court of competent jurisdiction cannot again be litigated by new proceedings. (*Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417, 186 N.E. 152; *Thornton v. Williams* (1980), 89 Ill. App. 3d 544, 412 N.E.2d 157.) The purpose of the doctrine is to prevent relitigation in a subsequent proceeding of questions settled by a court of competent jurisdiction in a prior suit between the same parties. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450; *Bonanno v. La Salle & Bureau County R.R. Co.* (1980), 87 Ill. App. 3d 988, 409 N.E.2d 481.) The question of Joseph's parentage of the minor child was adjudicated and relied upon in determining the rights of the parties at the time the divorce decree was entered.

■ Joseph's further contention that Manuela cannot enforce the divorce decree since it was not revived is without merit. A divorce decree is a money decree and the 20-year statute of limitations applicable to judgments applies. (Ill. Rev. Stat. 1983, ch. 110, par. 13—218; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632.) Therefore, although Manuela was dilatory in waiting 15 years to bring this cause of action, she was within the prescribed statutory period.

## II

Joseph next contends that Manuela was guilty of *laches* where she failed to make her claim for past-due child support and maintenance for 15 years. Joseph claims that he relied on Manuela's statement that she would not pursue the child-support payments if he failed to seek a modification of the judgment for divorce. The testimony at the hearing in the trial court was conflicting as to whether or not Manuela asked Joseph for the support payments.

■ Application of the doctrine of *laches* is within the sound discretion of the trial court and a finding by that court will not be disturbed on review unless the determination is so clearly wrong as to constitute an abuse of discretion. (*Ruster v. Ruster* (1980), 91 Ill. App. 3d 355, 414 N.E.2d 927; *Bobin v. Tauber* (1976), 45 Ill. App. 3d 831, 360 N.E.2d 368.) In *Finley v. Finley* (1980), 81 Ill. 2d 317, 410

N.E.2d 12, the court addressed application of the defense of *laches* in an action for payment of arrearages in child support. The court held that the husband failed to establish a necessary element of *laches* where he could not show he had been injured by the delay. Specifically, the court stated that he was not injured because he was forced to pay the accumulated support in one lump sum as opposed to weekly payments as he was ordered.

■ From our review of the record in the case at bar, we do not believe the trial court erred in striking Joseph's affirmative defense of *laches*. He has remarried, his wife is employed, and he has no children from his second marriage. Joseph contends that at the time the divorce proceedings were commenced, he was working at two jobs to produce sufficient income to meet expenses, but following entry of the judgment for divorce, he quit one job after Manuela assured him she would not pursue the child-support payments. Although Joseph claims he could not work two jobs at the present, he produced no evidence to support that statement nor did he show that his present income was inadequate to make the required payments. No evidence was presented by Joseph that he had been injured by the delay or that he suffered any detriment as a result of Manuela's delay in filing her petition. Joseph could only have benefitted by the use of the funds which he would not have had if he had made timely payments of child support. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12; *Ruster v. Ruster* (1980), 91 Ill. App. 3d 335, 414 N.E.2d 927.

### III

■ Joseph further contends that Manuela was not the proper party to bring this cause of action, especially since the minor child has reached the age of majority. Joseph argues that the child is the only party who has standing to seek enforcement of child-support provisions of a divorce decree since he is the real party in interest. Joseph cites the case of *Paredes v. Paredes* (1983), 118 Ill. App. 3d 27, 454 N.E.2d 1014, for the proposition that child support is an obligation which a party owes to his children and not to the custodial parent. While Joseph is correct in this assertion, his argument that the child is the only one who has standing to bring a cause of action for arrearages in child support is without merit. It is well settled that past-due child-support payments are vested rights and the custodian of the child holds the right to collect the arrearage for child support. (*Garrison v. Garrison* (1981), 99 Ill. App. 3d 717, 425 N.E.2d 518; *Lewis v. Lewis* (1977), 48 Ill. App. 3d 281, 363 N.E.2d 106.) Even after the child reaches majority, the custodial parent does not lose the right to

recover the arrearages which occurred during the child's minority. *Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502.

## IV

■■ Joseph finally contends that he was entitled to an evidentiary hearing on the issue of wilfulness prior to being found in contempt of court and sentenced to a period of incarceration. While the power to enforce an order to pay money through contempt is limited to cases of wilful refusal to obey the court's order (*Mesirow v. Mesirow* (1931), 346 Ill. 219, 178 N.E. 411; *Taapken v. Taapken* (1976), 39 Ill. App. 3d 785, 350 N.E.2d 794), the noncompliance with a maintenance order in a divorce decree provides *prima facie* evidence of contempt (*Shaffner v. Shaffner* (1904), 212 Ill. 492, 72 N.E. 447; *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167). The *Logston* court held that once a finding of contempt is made, the burden shifts to the respondent, who can defend by showing that he neither has the funds now with which he can pay nor has he disposed wrongfully of money or assets from which he might have paid.

■■ We do not believe the finding of contempt in the case at bar was unwarranted and find sufficient evidence for the trial court's determination. Joseph received a full hearing prior to the court's ruling. Aside from minimal payments made years ago, Joseph has not contributed to the support of his minor child even though he was steadily employed and enjoyed a good income. The initial amount of support, $40 per week, was not a burdensome amount and Joseph has shown no remorse or regret for his refusal to pay in the past. The trial court gave him the opportunity to purge himself by making a $1,000 payment *instanter* and he refused to pay the purge amount. Under these facts and circumstances, we find that Joseph did not establish that his failure to pay maintenance and child support was not wilful and we find no abuse by the trial court in imposing the contempt citation.

For the stated reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.