THE PEOPLE *ex rel.* JUDITH WRAY, for the use of the Department of Public Aid, Plaintiff-Appellant, v. RICHARD BRASSARD, Defendant-Appellee.

Fourth District No. 4—91—0281

Opinion filed March 19, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellant.

Mark T. Petty, of Arcola, for appellee.

JUSTICE LUND delivered the opinion of the court:

On July 11, 1975, a decree of divorce was granted in the circuit court of Douglas County to Judith Brassard (now Wray) from defendant Richard Brassard. Custody of four minor children was awarded to Judith. Defendant was ordered to pay $60 per week as child support through the circuit clerk for the children, to begin July 21, 1975. After the entry of this decree, defendant moved to Arkansas; in 1980, he moved to Alabama; in 1983, he returned to Illinois. From July 21, 1975, to September 1989, defendant made no child support payments to the circuit clerk.

On July 20, 1989, the Illinois Department of Public Aid filed a petition for adjudication of contempt on behalf of Judith, asking that defendant be held in contempt of court for failure to comply with the divorce decree as to payment of child support. The petition sought a child support arrearage of over $44,000, plus attorney fees, costs, continued support, and sanctions. At the time of filing of the petition, three of the four children had attained the age of majority. At the initial hearing on the petition, defendant appeared *pro se*. He admitted he had been employed in various jobs since 1975 and that he had not paid any child support payments as ordered. At the conclusion of the hearing, the trial court found a child support arrearage of $44,340. It also found that defendant had the financial ability to pay $32,580 of that arrearage and that he was in indirect civil contempt of court. An order of withholding was entered for payment of current support. The question of sanctions was continued to a later hearing date.

Defendant then hired an attorney and filed a motion to vacate the judgment. That motion alleged that defendant had a meritorious defense to the petition, based upon the statute of limitations. The trial court allowed the motion and vacated the judgment.

Defendant filed a motion to dismiss the petition, alleging the five-year statute of limitations as set forth in section 13—205 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—205) barred the collection of that portion of the arrearage accrued prior to July 20, 1984. The motion also alleged that no judgment based upon the July 11, 1975, decree could be entered, when that decree had not been revived within seven years of its entry, pursuant to section 6 of "An Act in regard to judgments ***" (Ill. Rev. Stat. 1981, ch. 77, par. 6) or section 2—1601 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1601).

The trial court denied this motion and set the petition for hearing. Defendant filed a response to the petition in which he set forth af-

firmative defenses, alleging alternatively that payments accrued prior to July 20, 1984, were barred by the 5-year statute of limitations, that the 10-year statute of limitations (Ill. Rev. Stat. 1987, ch. 110, par. 13—206) barred collection of payments accrued prior to July 20, 1979, and that collection of all sums was barred due because the 1975 decree had not been revived within seven years. On July 9, 1990, after hearings and receiving arguments of counsel, the trial court found the statute of limitations was tolled while defendant resided outside the State of Illinois. It determined that when he returned to Illinois in 1983, the five-year statute of limitations began to run, expiring in 1988. The court found that collection of all support payments which had accrued prior to July 20, 1984, was barred by that statute. The court further found that the five-year limitations period would begin to run on each installment as it came due, thus barring collection of all installments which had accrued more than five years prior to the commencement of the action. A written order was required to be prepared, and the written order was entered on July 24, 1990. In the order, the circuit clerk was ordered to recompute defendant's arrearage. The hearing on the petition was continued to the next month. Subsequently, that hearing was continued several times.

Plaintiff filed a motion to reconsider, alleging that the 1975 divorce decree was a money judgment and that the 20-year statute of limitations contained in section 13—218 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—218) applied, thus making all past-due payments subject to collection. This motion was denied in October 1990. Thereafter, plaintiff filed a motion asking the trial court to enter judgment in favor of Judith and against defendant for child support arrearage and to order payments on the arrearage.

Finally, at a hearing on February 14, 1991, defendant's arrearage was established at $16,140. He was ordered to continue paying $60 per week in current support payments for the remaining minor child and $35 per week on the arrearage. He was further ordered to continue paying $95 per week on the arrearage once the minor child attained majority. The court directed a written order to be prepared, and it was entered on March 13, 1991. At plaintiff's request, the trial court made the finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason for delaying enforcement or appeal of the order. No order was entered as to possible sanctions against defendant for the contempt finding made earlier by the trial court, and the written order did not provide for a continued hearing for that purpose. Plaintiff now appeals, claiming the trial court erred

as a matter of law in applying the five-year statute of limitations to the arrearage accrued prior to July 20, 1984.

Before we reach the merits of this appeal, we must decide a jurisdictional question which has been raised and briefed by defendant. Plaintiff's notice of appeal states the appeal is from orders of the trial court entered on July 9, 1990, October 26, 1990, and March 13, 1991. Defendant maintains we should dismiss this appeal as not being timely filed. He contends this is really an appeal of the trial court's order of July 24, 1990, in which it found that collection of all child support arrearage accrued prior to July 20, 1984, was barred. At this point, defendant says that the court made a final determination of the monetary issues involved in the case. He points out that plaintiff filed a motion for reconsideration of that order which was denied on October 26, 1990. He believes plaintiff should have filed the notice of appeal of the July 24, 1990, order by August 23, 1990, and certainly no later than 30 days after the motion for reconsideration was denied. He points out that the court's order of March 13, 1991, did not refer to its July 24, 1990, order finding that collection of the arrearage accrued prior to July 20, 1984, was barred. In fact, it recites an agreement between the parties as to the amount of the arrearage ($16,140) on which the judgment would be entered. However, we note the order does make reference to the fact that the judgment amount constitutes an arrearage accumulated since July 20, 1984. Plaintiff's petition alleged an arrearage accrued from 1975, and the court initially found this allegation to be true. Therefore, the March 13, 1991, order implicitly referenced the prior order barring collection of some of the arrearage.

■ We find that plaintiff's appeal is timely filed. While the trial court's order of July 24, 1990, determined that some of defendant's arrearage was not subject to collection, it did not make any finding as to the amount of the arrearage. Nor did it make any findings as to the issue of contempt. We note there was no Rule 304(a) finding that would have allowed plaintiff to seek an appeal at that point. Absent such a finding, the order was clearly not appealable since it did not dispose of all of plaintiff's claims against defendant. Further, the order contained an explicit direction to the circuit clerk to recompute defendant's arrearage, which was not completed until several months later. Therefore, an appeal of the July 24, 1990, order (or of the denial of plaintiff's motion for reconsideration) would have been premature until all issues were finally decided or the court had made a Rule 304(a) finding. Thus, we find this appeal is properly before us.

Initially, we note one of the defenses argued by defendant at the trial level was that plaintiff was barred from recovering *any* arrearage because it had failed to first seek revival of the 1975 divorce decree. (See Ill. Rev. Stat. 1987, ch. 110, par. 12—108(a).) The trial court made no findings on this issue in its July 9, 1990, letter to counsel advising them of its decision or in the written order of July 24, 1990. However, by finding that plaintiff could collect that part of the arrearage accrued within five years immediately prior to the filing of the petition, the trial court implicitly found against defendant on this affirmative defense.

■ In this appeal, defendant has included argument in his brief directed to this defense. Because we are remanding to the trial court, we emphasize that section 13—218 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—218) allows for revival of judgments within 20 years. Section 2—1601 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1601) abolishes *scire facias* and allows for revival by a petition filed in the case in which the original judgment was entered. We find the plaintiff's current pleadings seeking the payments originally ordered by the 1975 judgment were sufficient to effect revival. (See also 23A Ill. L. & Prac. *Judgments* §474 (1979).) However, defendant has not filed a cross-appeal claiming error as to the trial court's adverse decision on this defense, as required by Supreme Court Rule 303(a)(3) (134 Ill. 2d R. 303(a)(3)). In the absence of a cross-appeal, appellee will not be permitted to challenge or to ask the reviewing court to modify a portion of the trial court's order and the reviewing court is confined to a consideration of the errors raised by appellant. *National Bank v. City of Lexington* (1985), 138 Ill. App. 3d 805, 809, 486 N.E.2d 967, 970.

We turn now to the claim of error raised by plaintiff. Plaintiff argues the 20-year statute of limitations applicable to judgments contained in section 13—218 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—218) applies to the instant divorce decree. Plaintiff points out that Illinois courts have consistently held that a divorce decree ordering payment of alimony (now maintenance) and child support is a money judgment. Thus, plaintiff argues that it had 20 years from the date of the divorce decree in which to file its petition and, having done so, was entitled to a judgment for all the child support arrearage, not just the arrearage accrued within the preceding five years. Defendant argues the trial court was correct in applying a five-year statute of limitations to plaintiff's petition. He also contends that plaintiff must seek revival of the 1975 decree and that its petition does not contain a prayer for this relief.

In the trial court's decision issued on July 9, 1990 (later embodied in the July 24, 1990, written order), it found that all arrearage amounts older than five years were barred. In explaining its decision, the trial court cited as authority the cases of *Haughton v. Haughton* (1979), 76 Ill. 2d 439, 394 N.E.2d 385, *rev'g Ball v. Haughton* (1978), 60 Ill. App. 3d 562, 377 N.E.2d 78, and *Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34. In *Haughton* the petitioner, mother of twin daughters born out of wedlock in 1948, filed an action in California in which respondent was determined to be the father and was ordered to pay child support. He made only one payment. Shortly thereafter, he moved to New York. In 1958, petitioner was successful in registering the California judgment in New York, and respondent was ordered to pay child support. In November 1970, respondent moved to Illinois. In May 1975, petitioner filed an action in Illinois seeking (1) in count I, the registration and enforcement of the New York judgment under the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1975, ch. 68, par. 101); and (2) in count II, the registration and enforcement of the California judgment under the Uniform Enforcement of Foreign Judgments Act (Foreign Judgments Act) (Ill. Rev. Stat. 1975, ch. 77, par. 88). Respondent moved to dismiss, alleging (as to count I) that since the twins had reached the age of majority on July 3, 1969, his obligation of support had ended, that the statute upon which petitioner relied did not become effective until after this date, and that the statute did not provide for collection of arrearage. He moved to dismiss count II on the ground that the claim was barred by the five-year statute of limitations. The trial court granted the motion as to count I, but denied it as to count II. After a hearing, the trial court awarded petitioner a judgment for $22,816.06. Respondent appealed and petitioner cross-appealed.

In *Ball*, the appellate court held the five-year statute of limitations (Ill. Rev. Stat. 1975, ch. 77, par. 89; ch. 83, par. 16) barred the enforcement of both judgments. Under the statute then in effect (Ill. Rev. Stat. 1975, ch. 83, par. 19), the limitations period was not tolled by nonresidence of the defendant if both parties were nonresidents of Illinois at the time the cause of action accrued. Since both petitioner and respondent were nonresidents, the tolling provisions did not apply. Since the last installment of respondent's support obligation had accrued more than five years prior to commencement of petitioner's suit, it was held that she could not collect the arrearage. (*Ball*, 60 Ill. App. 3d at 567-69, 377 N.E.2d at 83-85.) In reversing the appellate court, the supreme court in *Haughton* found the tolling statute unconstitutional as applied to nonresidents of Illinois. Having held the limi-

tations period was tolled during respondent's absence from Illinois, the court assumed, but did not decide, that even if the five-year limitation period applied to the registration of foreign judgments, petitioner was within that time period in filing her petition. The court stated that because petitioner had a money judgment which was due in periodic installments, the statute of limitations began to run on each installment as it became due. (*Haughton*, 76 Ill. 2d at 444-47, 394 N.E.2d at 387-89.) In the instant case, the trial court seemed to place emphasis on this statement in its decision. The statement suggests the petitioner in *Haughton* would not be entitled to any judgment for installments more than five years old. However, the *Haughton* court ordered a judgment for the entire amount claimed, which included installments accrued and unpaid from January 15, 1950, through July 3, 1969. We must therefore regard this statement as *dicta* and unnecessary to the decision in the *Haughton* case.

The trial court also cited the *Light* case as support for its decision. As with the *Haughton* case, the supreme court dealt in *Light* with the question of the statute of limitations in a foreign-judgment situation. In that case, plaintiff filed a petition seeking registration of a foreign divorce decree, which ordered defendant to pay child support and alimony. The Illinois trial court entered a judgment in plaintiff's favor, and defendant appealed. One of defendant's contentions was that registration of the judgment was barred by the five-year statute of limitations on the registration of foreign judgments. (Ill. Rev. Stat. 1957, ch. 83, par. 16.) The court noted this limitation had been incorporated (Ill. Rev. Stat. 1957, ch. 77, par. 89) into the Foreign Judgments Act. The court then stated the statute of limitations begins to run for each periodic installment of money when it becomes due, and the petition in that case had sought recovery only of those installments accruing within the preceding five years. The court found no violation of the limitation statute. *Light*, 12 Ill. 2d at 506, 147 N.E.2d at 37.

We find the *Haughton* and *Light* cases are inapplicable to the factual situation in the instant case. Both those cases dealt specifically with the attempted registration of foreign judgments in Illinois. The Foreign Judgments Act which was in effect in both cases specifically incorporated therein the five-year limitations period. (See Ill. Rev. Stat. 1957, ch. 77, par. 89; ch. 83, par. 16; see also Ill. Rev. Stat. 1975, ch. 77, par. 89; ch. 83, par. 16.) Here, we have an Illinois judgment sought to be enforced by plaintiff.

■ We hold the 20-year limitation on enforcement of judgments contained in section 13—218 of the Code is applicable. Therefore,

plaintiff was not limited in its collection of defendant's child support arrearage to those amounts accrued during the five-year period immediately preceding the filing of the petition. In this conclusion, we are in accord with the decisions of the First District Appellate Court in *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 208, 309 N.E.2d 632, 637, and *In re Marriage of Yakubec* (1987), 154 Ill. App. 3d 540, 544, 507 N.E.2d 117, 120, as cited here by plaintiff. In both *Atwater* and *Yakubec*, plaintiffs sought enforcement of child support and alimony or maintenance provisions of divorce decrees. In both cases, the defendants contended the actions were barred by the five-year statute of limitations. The appellate courts disagreed, holding that the 20-year limitations period applied. The same principle applies here.

The judgment of the circuit court is reversed, and the cause is remanded for a determination of the total amount of defendant's child support arrearage.

Reversed and remanded.

GREEN, P.J., and KNECHT, J., concur.