SIXTH DIVISION
March 10, 2006

No. 1-05-0402


| | | |
|---|---|---|
| In re MARRIAGE OF CAROLINE ANN SAPUTO, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellant, | ) ) ) | |
| and | ) ) ) | No. 65 D 10478 |
| LOUIS SAPUTO, | ) ) | Honorable Leida Santiago Judge Presiding |
| Respondent-Appellee. | ) ) ) | |

PRESIDING JUSTICE McNULTY delivered the opinion of the court:


Petitioner Caroline Ann Saputo appeals from an order of the circuit court of Cook County dismissing her petition for revival of judgment.  Caroline filed her petition in order to obtain payment from her former husband, Louis Saputo, for child support due pursuant to a divorce decree entered in 1966.  The circuit court found the petition to be time-barred by section 13-218 of the Code of Civil Procedure (Code) (735 ILCS 5/13-218 (West 2004)).  We find that Caroline's petition was not time-barred in light of the July 1, 1997, amendment to section 12-108(a) of the Code (735 ILCS 5/12-108(a) (West 2004)), which provides that child support judgments may be enforced at any time.  We therefore reverse and remand.

BACKGROUND

Caroline and Louis married on August 16, 1958, and four children were born as a result of that marriage. Thereafter, Caroline filed for divorce, and the circuit court issued a divorce decree on June 15, 1966. Pursuant to the decree, the court awarded Caroline sole care and custody of the minor children and ordered Louis to pay $30 per week for support, maintenance, and education of the minor children.

On August 30, 2004, Caroline filed a petition titled "Petition for Revival of Judgment" contending that Louis had failed to make any child support payments since the divorce decree was entered in 1966. Caroline alleged that Louis owed her the sum of $375,529.71 in child support arrearages after calculation of interest at the rate of 9% *per annum*.

On October 6, 2004, Louis moved for involuntary dismissal of the petition pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2004)). Louis contended that Caroline's petition for revival was time-barred under section 13-218 of the Code, which only permits revival of judgments within 20 years of the judgment date. See 735 ILCS 5/13-218 (West 2004). Louis noted that each child support payment due from him constituted a separate money judgment on the date it was due. Because the last such installment was due on or before September 14, 1982, the last judgment became barred by the 20-year statute of limitations on September 14, 2002.

2

No. 1-05-0402

Louis acknowledged that section 12-108(a) of the Code provides that "[c]hild support judgments, including those arising by operation of law, may be enforced at any time." 735 ILCS 5/12-108(a) (West 2004). However, Louis contended that this section applies to public aid cases only. Louis cited to the annotated comments showing that this portion of section 12-108(a) was an amendment that took effect on July 1, 1997, pursuant to Public Act 90-18, which dealt with changes to the child support enforcement program under Title III of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. 735 ILCS Ann. 5/12-108, Historical and Statutory Notes, at 698 (Smith-Hurd 2003). Louis also cited to session records of the corresponding House Bill 1707 that he contended supported a finding that the 1997 amendment to section 12-108(a) applied to public aid cases only.

On January 27, 2005, the circuit court issued its order dismissing Caroline's petition. The court agreed with Louis that legislative history and intent supported a finding that the 1997 amendment to section 12-108(a) applied only to public aid cases and further noted that a subsequent appellate court case, In re Marriage of Smith, 347 Ill. App. 3d 395 (2004), had applied the 20-year statute of limitations in 13-218 to a non-public-aid case despite the 1997 amendment to section 12-108(a). Caroline now appeals from the circuit court's order of dismissal.

ANALYSIS

3

No. 1-05-0402

In this appeal, Caroline contends that her action was not time-barred pursuant to the plain language of section 12-108(a) of the Code and that the circuit court erred in restricting the language therein to public aid cases. Resolving this issue is solely a matter of statutory construction, which we review de novo. People ex rel. Department of Public Aid v. Smith, 212 Ill. 2d 389, 396-97 (2004).

"The primary objective in construing a statute is to determine and give effect to the legislature's intent." Smith, 212 Ill. 2d at 397. The best evidence of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. King v. First Capital Financial Services Corp., 215 Ill. 2d 1, 26 (2005). If the legislative intent can be ascertained from the language of the statute itself, it must prevail and be given effect without resorting to other aids for construction. Bridgestone/Firestone, Inc. v. Aldridge, 179 Ill. 2d 141, 149, 151 (1997). The court may not depart from the plain language of the statute by reading into it exceptions, limitations or conditions which conflict with the clearly expressed legislative intent. Aldridge, 179 Ill. 2d at 149.

Here, Louis admits that each of his weekly child support obligations became a separate judgment in favor of Caroline and against him on the date it became due. See 750 ILCS 5/505(d) (West 2004). He also admits that the 1997 amendment to section 12-108(a) added that child support judgments may be enforced at

4

any time. He contends, however, that this provision of the Code conflicts with section 13-218, which places a 20-year limitations period on the revival of money judgments. He further contends that the resulting ambiguity requires us to turn to the legislative history behind the 1997 amendment to section 12-108(a) in interpreting its application and limiting it to public aid cases only. We disagree.

Section 12-108(a) of the Code is titled "Limitation on enforcement" and provides in relevant part as follows:

> "(a) Except as herein provided, no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by section 2-1601 of this Act ***. *** Child support judgments, including those arising by operation of law, may be enforced at any time."
>
> 735 ILCS 5/12-108(a) (West 2004).

The last sentence with respect to child support judgments comprises the 1997 amendment, which became effective July 1, 1997. 735 ILCS Ann. 5/12-108, Historical and Statutory Notes, at 698 (Smith-Hurd 2003).

The language added by the 1997 amendment plainly and unambiguously provides that child support judgments may be enforced at any time, and section 12-108(a) as amended thus excludes child support judgments from those judgments that have a

5

time limit on their enforcement and require revival. There is no limitation restricting this exception for child support judgments to public aid actions, and this court cannot read such a restriction into the statute's plain and unambiguous terms. Aldridge, 179 Ill. 2d at 149, 154-55.

Nor do we find that section 13-218 conflicts with section 12-108(a). Section 13-218 is titled "Revival of judgment" and provides in relevant part as follows:

"Judgments in a circuit court may be revived as provided by Section 2-1601 of this Act, within 20 years next after the date of such judgment and not after ***." 735 ILCS 5/13-218 (West 2004).

Section 13-218 by its plain terms places a 20-year limitations period on the revival of judgments. The 1997 amendment to section 12-108(a), however, excepts child support judgments from those judgments that require revival. See 735 ILCS 5/12-108(a) (West 2004). Since actual enforcement of child support judgments may occur "at any time" pursuant to the amended section 12-108(a), there is no need for revival of these judgments under section 13-218. Compare 735 ILCS 5/12-108(a) and 13-218 (West 2004); see also First National Bank of Marengo v. Loffelmacher, 236 Ill. App. 3d 690, 695 (1992) (noting that since enforcement of judgments may occur up until the expiration of the seven-year period under section 12-108(a), there is no concomitant need for revival under section 13-218 during that

6

period).

This is further evident in looking to section 2-1602 of the Code.  735 ILCS 5/2-1602 (West 2004).  Section 2-1602 became effective on August 21, 2002, and sets forth the mechanism for reviving a judgment.  The section specifically provides that it "does not apply to a child support judgment ***, which need not be revived as provided in this [s]ection and which may be enforced at any time as provided in [s]ection 12-108."  735 ILCS 5/2-1602(g) (West 2004).  It is thus clear that the 1997 amendment to section 12-108(a) excepts child support judgments from the application of section 13-218 and its 20-year limitations period for revival of judgments.

We recognize that Caroline here titled her petition one for revival of judgment.  However, it is apparent from her petition that she was seeking payment pursuant to the 1966 divorce decree ordering weekly child support.  In light of our holding that revival is not necessary under section 12-108 because child support judgments may be enforced at any time, we construe her petition as one seeking enforcement of these weekly judgments and conclude that the circuit court erred in finding this petition time-barred under section 13-218 of the Code.

In reaching this conclusion, we recognize that past Illinois case law has applied the 20-year statute of limitations contained in section 13-218 to child support judgments.  See, e.g., In re Marriage of Kramer, 253 Ill. App. 3d 923, 927 (1993); People ex

7

rel. Wray v. Brassard, 226 Ill. App. 3d 1007, 1013-14 (1992); In re Marriage of Yakubec, 154 Ill. App. 3d 540, 544 (1987); Wadler v. Wadler, 325 Ill. App. 83, 93 (1945). We observe, however, that this case law was promulgated prior to the 1997 amendment to section 12-108(a), which allows child support judgments to be enforced at any time. See 735 ILCS 5/12-108(a) (West 2004).

For this reason, we also reject the circuit court's and defendant's reliance on In re Marriage of Smith, 347 Ill. App. 3d 395. The court there was faced with a challenge to the enforcement of child support judgments based on *laches* and, in evaluating this argument, relied on case law from 1993 in stating that the 20-year limitations period contained in section 13-218 applied to these judgments. In re Marriage of Smith, 347 Ill. App. 3d at 402, citing Kramer, 253 Ill. App. 3d at 927. There is no indication that the court there considered the application of section 12-108(a) to these judgments. However, as stated, we find section 12-108(a) is applicable and, since its 1997 amendment, excepts child support judgments from the application of the limitations period in section 13-218.

We find this conclusion dispositive of the issue on appeal; however, we observe that neither party has addressed whether the 1997 amendment to section 12-108(a) applies retroactively so as to enable Caroline to enforce those child support judgments that had become time-barred under section 13-218 at the time the 1997 amendment to section 12-108(a) became effective on July 1, 1997.

See, e.g., Kramer, 253 Ill. App. 3d at 928 ("Subsequent legislation extending the statute of limitations cannot be applied retroactively to revive a time-barred cause of action unless the legislature indicates otherwise ***"). We do not reach this issue now because it is clear that part of the child support installments due pursuant to the June 15, 1966, divorce decree were not barred by the 20-year statute of limitations on July 1, 1997. We thus leave the issue of retroactivity for the circuit court's consideration after a full briefing on remand.

As stated, we find that the circuit court erred in dismissing Caroline's petition based on the statute of limitations contained in section 13-218 of the Code. We therefore do not reach Caroline's further contention that the circuit court violated her equal protection rights in holding that section 12-108(a) applies to public aid cases only. We remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY and FITZGERALD-SMITH, JJ., concur.