John H. TEALE, Appellant,

v.

AMERICAN MANUFACTURERS MUTU-
AL INSURANCE COMPANY, A
Foreign Corporation, Respondent.

No. WD 35443.

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
March 5, 1985.

Thomas J. Downey, Jefferson City, for
appellant.

Laurence R. Tucker, W. Robert King,
Morris, Larson, King, Stamper & Bold,
Kansas City, for respondent.

Before KENNEDY, P.J., and DIXON
and CLARK, JJ.

CLARK, Judge.

This appeal is brought from the order of the trial court dismissing plaintiff's first amended petition. The order sustained defendant's motion for dismissal which asserted that the petition failed to state a claim on which relief could be granted, that plaintiff was not the real party in interest and was without legal capacity to sue and that the court lacked jurisdiction over the subject matter. The order did not state which of the several causes were relied on as grounds for dismissal.

The pleaded facts of the case are as follows. One Whelchel, an employee of a supermarket, sustained a work related injury and sought medical treatment from appellant, a chiropractor. Appellant treated Whelchel from October 8 to October 27, 1982. Respondent is the worker's compensation insurance carrier for the market and, on the last mentioned date, it gave notice to appellant that any further services by appellant to Whelchel would be at Whelchel's expense because it had selected another physician. At about the same time, respondent furnished Whelchel a list of five doctors from which Whelchel could select a physician to provide continued medical care at respondent's expense. The list included no chiropractors. Because respondent declined further payment for appellant's services, Whelchel discontinued her treatments from appellant. The petition asserted that respondent's conduct amounted to actionable, tortious interference with the contractual and business relationship between doctor and patient resulting in actual damage amounting to $564.00.[1] The claim for punitive damages was also asserted.

■ On familiar and established authority, we consider appellant's pleading allegations in the light most favorable to the cause of action asserted and give appellant the benefit of intendments, recognizing, however, that facts essential to statement of the claim must be alleged. In this case, the task of analysis is simplified because the facts are relatively uncomplicated. The employee, Whelchel, was receiving health care treatment from appellant for a job related injury. The services of appellant and the course of treatment had been authorized by the employer and the expense was borne by the employer as a worker's compensation benefit. When respondent insurance company notified Whelchel and the employer that it would no longer sustain the expense of appellant's fees for treatment, the services of appellant were terminated. The pleaded facts warrant the inferences, first that the course of appellant's treatment to Whelchel had not been concluded and, second that Whelchel's medical care was placed with another physician because Whelchel and her employer were unwilling to assume the burden of paying appellant's fees outside respondent's insurance benefits.

■ Some guiding propositions applicable to this case must first be noted. The cause of action for tort is recognized where the acts of a third party cause the interruption of an existing contract or business relationship. The elements of the cause of action are (1) a contract or a business relationship (2) knowledge by the third party of that contract or business relation (3) intentional conduct by the third party inducing or causing the breach of the contract or interruption of the business relation (4) absence of justification for the conduct of the third party, and (5) resulting damages. *Francisco v. Kansas City Star Co.*, 629 S.W.2d 524 (Mo.App.1981). The business relationship which is contended to have been disrupted by the acts of the defendant need not necessarily be evidenced by a contract but may consist of reasonable expectancies of commercial relations. *Casterline v. Stuerman*, 588 S.W.2d 86 (Mo. App.1979).

■ Respondent here contends that the first element of the tort is lacking in appel-

---

1. Appellant does not describe how the damages were computed. Presumably, under the theory espoused, the amount consisted of fees appel- lant would have collected if his course of treat- ment had continued.

lant's pleading because it is not alleged that a contract for continuing care existed between Whelchel and appellant. Such was not a necessary component of the action. Whelchel had been attended for her injury by appellant for a period of more than two weeks, the course of treatments and the expectancy for its continuation were interrupted by respondent's notice, the effect of which was to require Whelchel to seek the services of another doctor, and, in consequence, appellant lost the expectancy of benefits from the future relationship with Whelchel as a patient. It is immaterial that Whelchel was not bound to a predetermined course of treatment with appellant. As pleaded, Whelchel would have continued her treatments provided by appellant, but for respondent's notice withdrawing financial support. The allegation asserts a sufficient business relation and expectancy to satisfy the first element of a cause of action for interference with the business arrangement between appellant and Whelchel.

 Respondent also contends that appellant is not the real party in interest and is not entitled to maintain the action because the statutes providing medical expense benefits to injured workers give a cause of action for denial of benefits to the employee, not the health care provider. The gist of the argument seems to be that if respondent was under an obligation to pay appellant's charges, that claim could be asserted only in a proceeding brought by Whelchel for compensation benefits under the statute. The contention misses the point of appellant's claim.

It is assumed, nothing appearing herein to the contrary, that Whelchel acquiesced in respondent's direction to seek another physician and was not herself dissatisfied with the subsequent medical treatment provided at respondent's expense. There is no indication that any worker's compensation claim for any benefits pends. Appellant did plead a section of the compensation act as applicable to the case, but only for the purpose of contending that respondent's interference was unjustified as a matter of law. This bears on the fourth element of the tort action.

Section 287.140.1, RSMo 1978 of the compensation act provides that in addition to all other compensation, the employee is entitled to receive reasonable medical treatment at the expense of the employer who may select the treating physician. Prior to an amendment of the statute in 1980, the right to select the physician providing treatment to the employee was equally shared by the employer and his insurer. Section 287.030.2, RSMo 1978 states, with regard to provisions of the compensation act in general, "any reference to the employer shall also include his insurer." Thus, where the act gave the employer the right to select the health care provider, that right also extended to the insurer.

In 1980, however, § 287.140.9 was amended to exclude the insurer from the right of treatment selection by express language: "For purposes of this subsection (selection of the licensed treating physician) subsection 2 of section 287.030 shall not apply." There can be no doubt that the sole purpose of the change in the statute was to deny insurers any voice in directing workers to particular doctors or classes of doctors for treatment of job-related injuries.

The applicability of the compensation law to this case and the basis for inclusion in appellant's petition is that it supports the allegation that respondent's interference with the doctor-patient relation was without justification. The fact that Whelchel may have or may have had an enforceable right under the same statute to preclude respondent from imposing its choice of physicians upon her is no ground to contend the cause of action was exclusively vested in Whelchel. The tort action was available to appellant as a party injured by the unjustified intermedling of respondent with the treatment of Whelchel authorized originally by the employer and apparently provided to the satisfaction of Whelchel.

The other elements of the tort action appear to be adequately set out in appellant's petition and are not expressly chal-

lenged by respondent. Obviously, respondent was aware of the treatment program undertaken by appellant for Whelchel and acted intentionally to withdraw funds with the purpose of inducing Whelchel to seek treatment elsewhere. The extent of appellant's damages is, of course, a matter of subsequent proof.

Respondent also appears to contend that this case is not actually an action for damages sustained by appellant but is a vehicle whereby the purported discrimination by insurance companies against doctors of chiropractic medicine may be asserted. This argument is fielded to buttress the contention that appellant is not the real party in interest and that the only action in which such a claim could be asserted would be one brought by the injured employee.

Nothing in appellant's petition allegations leads to a conclusion that appellant asserts a claim on behalf of any group of medical practitioners nor does appellant seek any generalized relief beyond his claim for compensatory and exemplary damages. The fact that appellant is a chiropractor has no bearing at all on the question of whether respondent is liable for tortious interference with contract, except that appellant's profession is an ingredient of proof of the business relationship between appellant and Whelchel, that of doctor and patient. The subject matter of the case appears otherwise to be within the jurisdiction of the Circuit Court in Clay County, the site of appellant's office and the location of Whelchel's employer at the time the latter first engaged appellant's services. There is no merit to the claim, on the facts appearing so far in this record, that the trial court lacked subject matter jurisdiction.

The order dismissing appellant's petition is reversed and the cause is remanded with direction to reinstate appellant's petition and to grant respondent time in which to file its answer.

All concur.