Peter G. FURNO, D.C. d/b/a Health Associates of Kokomo, Appellant–Plaintiff,

v.

CITIZENS INSURANCE COMPANY OF AMERICA and Joy Harris, individually and in her capacity as an agent and employee of Citizens Insurance Company of America, Appellees–Defendants.

No. 12A04–9110–CV–340 [1].

Court of Appeals of Indiana, First District.

May 6, 1992.

**1.** This case was transferred to this office by order of the Chief Judge on March 26, 1992.

Peter Campbell King, Cline, King & King, P.C., Columbus and Roger L. Miller, Miller & Martin, Frankfort, for appellant-plaintiff.

Michael A. Bergin, Burton M. Harris, and Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for appellees-defendant.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Peter G. Furno, D.C., d/b/a Health Associates of Kokomo ("Furno") appeals the dismissal of his complaint against Citizens Insurance Co. ("CIC") and its employee, Joy Harris. We affirm.

## ISSUE

Did the trial court err by dismissing Furno's second amended complaint for failure to state a claim upon which relief can be granted?

## FACTS

Furno is a certified chiropractic doctor who treated Mark Long for injuries suffered while employed by Armstrong Landing Co. ("Armstrong"). CIC provided worker's compensation insurance to Armstrong for its employees. After Furno had been treating Long for approximately three months, CIC issued a letter to Long, Armstrong, and Furno advising that CIC would no longer pay for any future treatment rendered to Long by Furno. CIC further stated, "It has been our experience that an employee is better served by receiving treatment from an orthopedic specialist rather than with a chiropractor." Long then stopped seeing Furno for treatment, and Furno brought suit against CIC and its employee, Joy Harris who wrote the letter.

Furno's first two complaints were dismissed pursuant to Ind.Trial Rule 12(B)(6). Pursuant to Ind.Trial Rule 15(A), Furno filed a second amended complaint containing three counts. In Count I, Furno alleged a tortious interference by CIC with an advantageous relationship between Furno and Long. Count II alleged a breach of covenant of good faith and fair dealing by CIC to Furno as a third-party beneficiary. Count III alleged causes of action for defamation and invasion of privacy. CIC's motion to dismiss the second amended complaint for failure to state a claim was granted. Furno appeals the dismissal.

## DISCUSSION AND DECISION

We review the trial court's dismissal of a complaint to determine if the complaint stated any set of allegations upon which the trial court could have granted relief. A complaint will withstand a 12(B)(6) motion to dismiss unless it appears the plaintiff is not entitled to relief under any circumstances. *Ivey v. Massachusetts Bay Insurance Co.* (1991), Ind.App., 569 N.E.2d 692, 694. The purpose of a 12(B)(6) motion is to test the legal sufficiency of the complaint to state a redressable claim; the motion tests the law of the claim, not the facts supporting it. *Bowman v. Bowman* (1991), Ind.App., 567 N.E.2d 828, 830. With this standard of review in mind, we look to the causes of action alleged in Furno's complaint.

Furno asserted in Count I that CIC had tortiously interfered with an advantageous relationship between Furno and Long. Furno argues that he sufficiently alleged causes of action for interference with a contract and for interference with a business relationship. The elements for an action for interference with a con-

tract are 1) the existence of a valid and enforceable contract; 2) defendant's knowledge of the contract's existence; 3) defendant's intentional inducement of the breach of the contract; 4) the absence of justification; and, 5) damages resulting therefrom. *Fields v. Cummins Employees Federal Credit Union* (1989), Ind.App., 540 N.E.2d 631, 640–41. The complaint alleges a business and professional relationship existed between Long and Furno. Nowhere does Furno allege that a contract existed between them with which CIC interfered. Furno fails to state a claim for tortious interference with a contract.

 The elements of a cause of action for tortious interference with a business relationship are the same as the elements for interference with a contract except that there is no requirement that a valid contract exist. *Biggs v. Marsh* (1983), Ind. App., 446 N.E.2d 977, 983. However, an additional element is that the defendant acted illegally by his interference. *Id.; Watson Rural Water Co. v. Indiana Cities Water Corp.* (1989), Ind.App., 540 N.E.2d 131, 139, *trans. denied.* CIC correctly presents that its conduct was not illegal.

IND.CODE § 22–3–3–4 requires an employer[2] to furnish, free of charge to its employee, a physician for treatment of work-related injuries. I.C. § 22–3–3–4(c) further provides:

> ".... The refusal of the employee to accept such services and supplies, when provided by or on behalf of the employer, shall bar the employee from all compensation otherwise payable during the period of the refusal and his right to prosecute any proceeding ... shall be suspended and abated...."

*See Richmond State Hospital v. Waldren* (1983), Ind.App., 446 N.E.2d 1333, 1336. The statute gives the employer or its insurer the authority to select the physician to treat its employee for work-related injuries. *Id.* (employee is not free to elect at the employer's expense, additional treatment or other physicians than those tendered by

the employer); *Jones & Laughlin Steel Corp. v. Kilburne* (1985), Ind.App., 477 N.E.2d 345, 352, *trans. denied.* Because the employer or insurer has the statutory right to select the treating physician, CIC's choice of a different physician for Long was not an illegal act. Furno's complaint fails to establish a claim for tortious interference with a business relationship.

 Furno also argues that because CIC had originally accepted Furno as the treating physician for three months, CIC had to have a business or medical reason for choosing a different doctor later. Furno does not cite any Indiana authority placing such requirement upon CIC. We decline to create one. Furno's reliance upon a factually similar case, *Teale v. American Manufacturers Mutual Insurance Co.* (1984), Mo.App., 687 S.W.2d 218, *modified,* (1990), 797 S.W.2d 505, *trans. denied,* is misplaced. Missouri's statute expressly denies insurers the power to select physicians for the insured employees. MO.REV.STAT. § 287.140.9 (1980). *Teale* stated that its statute denies insurers any voice in directing workers to particular doctors for treatment of job-related injuries. *Teale,* 687 S.W.2d at 220. On the other hand, Indiana still allows the employer or insurer to choose the physician instead of the employee. *Teale,* therefore, is not persuasive authority. We find the court did not err by dismissing Furno's Count I claim.

Count II alleged a breach of covenant of good faith and fair dealing by CIC to Furno as a third-party beneficiary. Furno claims that CIC's duty of good faith and fair dealing arose from the insurance policy which CIC issued to Armstrong. He contends that he is a third party beneficiary under that contract and that CIC breached the covenant by interfering with his relationship with Long. Furno's argument fails for two reasons.

 First, contrary to Furno's contention, CIC did not owe such a duty to Furno. CIC owed a duty of good faith and fair dealing only to its insured, Armstrong.

---

**2.** For purposes of the worker's compensation statute, IND.CODE § 22–3–2 through § 22–3–6, the term "employer" includes the employer's insurer. I.C. § 22–3–6–1(a) (West 1991).

See *Wedzeb Enterprises, Inc. v. Aetna Life & Casualty Co.* (1991), Ind.App., 570 N.E.2d 60, 63, *trans. denied* (citing *Liberty Mutual Insurance Co. v. Parkinson* (1985), Ind.App., 487 N.E.2d 162, 164, *trans. denied* ) (covenant of good faith and fair dealing exists in insurance contract between an insured and the insurer). Indiana has declined to find a duty of good faith and fair dealing exists between a worker's compensation insurer and the insured company's claimant. *See Baker v. American States Insurance Co.* (1981), 428 N.E.2d 1342, 1347 (injured employee was not a third-party beneficiary to his employer's worker's compensation insurance policy). If the covenant of good faith and fair dealing is not extended to the employee/claimant, it would be unreasonable to find that the physician treating the claimant was a third-party beneficiary of the policy.

Additionally, we have already concluded that CIC's interference was not illegal; therefore, even if CIC owed a duty to Furno, its actions do not constitute a breach of the duty of good faith and fair dealing. Furno presents no valid claim for breach of the covenant of good faith and fair dealing.

■ Count III alleged causes of action for defamation and invasion of privacy. The basic elements of defamation are a defamatory imputation, malice, publication, and damages. *Davidson v. Cincinnati Insurance Co.* (1991), Ind.App., 572 N.E.2d 502, 507, *trans. denied.* Initially, the determination of whether a statement is defamatory is a question of law. *Powers v. Gastineau* (1991), Ind.App., 568 N.E.2d 1020, 1023–1024, *trans. pending.* A written statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Id.* at 1023. Furno contends that CIC's written statement was false because he alleged in his complaint that chiropractic treatment for Long's injuries was appropriate and that CIC imputed that Furno was incapable of properly treating Long.

We disagree that CIC's statement imputes that Furno is unfit in his profession. CIC comments upon its experience with the chiropractic profession in general; it neither specifically identifies Furno as being unfit, nor does it suggest that any chiropractor is incompetent. *Shallenberger v. Scoggins–Tomlinson, Inc.* (1982), Ind.App., 439 N.E.2d 699, 705 (statement regarding industry practice did not tend to injure person in the industry); *see also McCullough v. Cities Services Co.* (Okla.1984), 676 P.2d 833 (statement disparaging profession as compared to another profession did not tend to injure the plaintiff in his occupation). At most, CIC's statement is an opinion as to its preference between the two professions of chiropractics and orthopedics based upon its past experiences. The trial court did not err in dismissing this count finding that the statement was not defamatory as a matter of law.

■ In Count III, Furno also alleged invasion of privacy for being placed in a false light in the public eye. Furno contends that CIC's statement placed him in a false light by stating that his treatment of Long was not appropriate. Furno misconstrues CIC's statement, which did not refer to him or his particular treatment of Long. Furno has not stated a claim for invasion of privacy.

Affirmed.

CHEZEM and STATON, JJ., concur.