Kimberly A. HIRSCHINGER, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
Defendant.

No. IP 94–735 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 3, 1994.

David W. Stewart, Phillip Stewart & Assoc., Carmel, IN, for plaintiff.

William H. Hollander, Cynthia Blevins Doll, Wyatt, Tarrant & Combs, Louisville, KY, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendant's motion to strike Plaintiff's request for jury trial. For the reasons stated below, Defendant's motion is granted and Plaintiff's state law claims are dismissed without prejudice.

## I. BACKGROUND

From on or about July, 1986, until on or about March, 1992, Plaintiff, Kimberly A. Hirschinger, was employed by Defendant, Allstate Insurance Company ("Allstate"). After Plaintiff quit her job with Defendant in March, 1992, she established her own independent consulting business seeking to utilize her former experience as a Staff Claims Representative with Defendant to cater to attorneys in Marion County and the surrounding area.

Plaintiff brings the instant action claiming that Defendant discriminated against her in violation of federal law on basis of her sex by denying her certain opportunities which she claims would have been promotions. Plaintiff also claims that once she established her consulting business Defendant "for at least ... 2 [two] years, ... intentionally interfered with Plaintiff's private business endeavors," in what amounted to interference in her contractual and business dealings. Complaint ¶¶ 13–14. Plaintiff seeks damages in the amount of $75,000.00,

> for loss of potential compensation while in the employment of the Defendant and further for the loss of income and potential earning as a result of the Defendant's negligent and intentional interference of contract of the Plaintiff, following her termination from Allstate.

*Id.* at ¶ B. Plaintiff also seeks attorneys' fees and an injunction prohibiting Defendant from engaging in sex discrimination. *Id.* at ¶¶ A, C.

Plaintiff filed her Complaint on April 29, 1994. On June 13, 1994, Defendant filed its Answer. Almost two months later, on August 8, 1994, Plaintiff filed her request for a jury trial. The case is currently scheduled for trial on July 10, 1995.

## II. DISCUSSION

In the instant motion, Defendant requests the Court to strike Plaintiff's demand for jury trial. Rule 38(b) provides, in pertinent part:

> [a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last

pleading directed to such issue, and (2) filing the demand. . . .

Fed.R.Civ.P. 38(b). If a jury demand is not served and filed as directed by Rule 38, the right to jury trial may be found to be waived. Fed.R.Civ.P. 38(d); *Communications Maintenance, Inc. v. Motorola, Inc.,* 761 F.2d 1202, 1208 (7th Cir.1985). However, "untimely jury requests should be allowed absent strong and compelling reasons to the contrary." *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1187 (7th Cir.1992) (citing *Merritt v. Faulkner,* 697 F.2d 761, 767 (7th Cir.), *cert. denied,* 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983)).

## A. PLAINTIFF'S DISCRIMINATION CLAIMS

■ Regardless of the timeliness of a jury demand, a party is only entitled to a trial by jury on those issues "triable of right by a jury." Fed.R.Civ.P. 38(b). Defendant contends that Plaintiff is not, in any event, entitled to a jury trial on her discrimination claims.

■ With few exceptions, the provisions of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, do not apply retroactively. *Landgraf v. USI Film Products,* — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Therefore, unless a cause of action arises after the effective date of the Civil Rights Act of 1991, November 21, 1991, the right to a jury trial and any damages beyond back pay and reinstatement do not apply. *See id.; Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1463 (7th Cir.1994). *Landgraf* has made November 21, 1991, a day of utmost importance for civil rights litigants.

Plaintiff bases her allegations of sex discrimination on several opportunities which she was not given while working for Defendant. On or about October, 1991, Plaintiff requested to be placed on two specific committees, the "Performance Standard Committee" and the "Target 103 Committee," and was not chosen for either. Plaintiff contends that an appointment to one or both of these committees would have represented a promotion. Plaintiff also was not chosen for either of the two self managed positions

which were vacant and available during Plaintiff's tenure with Defendant. Both of the self managed positions were filled by November 1, 1991. Affidavit of Brian Barich submitted in support of Defendant's Motion to Strike.

Although all of these committee appointments and employment decisions were made prior to the effective date of the Civil Rights Act of 1991, Plaintiff still contends that she is entitled to a jury trial on her sex discrimination claims. In support of this position, Plaintiff alleges that two more of Defendant's employees were promoted to Staff Claims Representatives *after* Plaintiff voluntarily terminated her employment with Defendant (in March, 1992). Plaintiff claims that these promotions took place despite a letter she received from Allstate prior to quitting her job which indicated that "there would be no opportunities for promotion in the near future with Defendant." Plaintiff's Complaint at ¶ 10.[1]

■ The law in the Seventh Circuit is clear: discrimination or retaliatory activities taking place after a plaintiff no longer works for the defendant are not actionable. *Reed v. Shepard,* 939 F.2d 484, 492 (7th Cir.1991). Therefore, Plaintiff may not base any of her discrimination claims on the promotions that took place after she had already quit. Since the only discriminatory activity Plaintiff alleges which took place after the effective date of the Civil Rights Act of 1991 did not happen until after Plaintiff quit her job with Defendant, she complains of no discriminatory acts that entitle her to a jury trial.

## B. PLAINTIFF'S STATE CLAIMS

■ Although it is not entirely clear from the face of the Complaint, Plaintiff appears to be asserting two additional causes of action: 1) interference with a business relationship; and, 2) interference with a contract. *See Furno v. Citizens Ins. Co. of America,* 590 N.E.2d 1137, 1139 (Ind.App.) (listing elements of both causes of action), *trans. denied* (1992). Both of these claims are made based upon Defendant's actions after Plaintiff quit

---

1. Plaintiff did not submit any such letter to coun- ter Defendant's motion to strike.

her job with Defendant and sought to establish her own consulting business. Plaintiff's Complaint at ¶¶ 12, 13. Both of these causes of action arise under Indiana law, not federal law, and both are triable as of right to a jury.

 Defendant offers three reasons why Plaintiff's jury trial request should be stricken: 1) it was untimely filed; 2) Plaintiff has offered no explanation or justification for the untimeliness of the request; and, 3) Defendant has been preparing for trial under the assumption that it will be a bench trial. None of these is a "strong and compelling" reason as is required by *Kotsilieris* to deny an untimely jury trial request. 966 F.2d at 1187. Plaintiff filed her jury trial request approximately six weeks late, but almost a year in advance of the scheduled trial date. It is true that where a party is extremely dilatory in filing a jury request, the court may find the right to have been waived. *See Walton v. Jennings Community Hosp., Inc.*, 875 F.2d 1317 (7th Cir.) (right to jury trial waived where jury trial request was filed nine days before trial, following extensive discovery, and years after the commencement of the action), *reh'g denied* (1989); *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d at 1208 (right to jury trial waived where request filed the day before the scheduled trial). However, Defendant has made no real showing of prejudice which would result from letting this jury trial request stand.[2]

Having analyzed the framework of Plaintiff's claims, several aspects of the instant case come to light. Plaintiff's state claims are based upon a different point in time (that is, after she quit her job) than is her federal claim. While Plaintiff's federal claim has to do with Defendant's allegedly discriminatory actions while Plaintiff was Defendant's employee, Plaintiff's state claims have very little, if anything, to do with an employer-employee relationship between Defendant and Plaintiff. Finally, trying Plaintiff's state claims to a jury while trying Plaintiff's federal claim to the bench presents a plethora of problems in avoiding jury confusion and prejudice; in the end, the management of the jury and the attempt which must be made to avoid confusion and prejudice may combine to be a herculean task.

 Plaintiff apparently seeks to invoke the supplemental jurisdiction of this Court over her state claims. 28 U.S.C. § 1367. Supplemental jurisdiction may be extended over pendent state law claims when such claims are "close enough to the federal . . . claim that confers federal jurisdiction to be part of the same case [or controversy]." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181 (7th Cir.1993). Supplemental jurisdiction grows out of a "doctrine of discretion." *Wright v. Assoc'd Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). 28 U.S.C. § 1367 lists four situations in which a court may decline to exercise jurisdiction over a pendent state law claim:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4). "[A] district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright*, 29 F.3d at 1251 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)).

 The instant case presents exceptional circumstances for declining jurisdiction over Plaintiff's state claims. Apart from the

---

2. Defendant argues that it need not make any such showing because this Court should strike Plaintiff's jury trial request purely on the grounds that it was filed untimely and Plaintiff has offered no excuse for its untimeliness. Given the clear language of *Kotsilieris*, 966 F.2d 1181, and *Merritt*, 697 F.2d 761, this Court is constrained to require a more substantial showing in order to find that a party's right to a jury trial has been waived.

claims involving the same parties, Plaintiff's federal claim has nothing to do with her state claims. They arise from conduct taking place at different times and out of different relationships. Furthermore, because the state claims are triable to a jury, in the end, the state claims will predominate over the federal claim, causing the problems discussed above. It is also appropriate to decline jurisdiction over the state claims because few judicial resources have been expended on the state claims at this point, the state claims appear to have no statute of limitations problems (Plaintiff alleges that Defendant's wrongdoing started in 1992 and continued into 1994), and it is not immediately clear how the state claims should be decided. *Wright,* 29 F.3d at 1251.

## III. CONCLUSION

For the reasons stated above, Defendant's motion to strike is granted and Plaintiff's state law claims are dismissed without prejudice.

It is so ORDERED.