EARL HOLMES, Plaintiff-Appellant, v. FEDERAL INSURANCE COMPANY, Defendant-Appellee.

Fifth District    No. 5—03—0781

Opinion filed October 28, 2004.

John W. Leskera and Bruce E. Mattea, both of Collinsville, for appellant.

Donald J. Ohl and Elizabeth A. Bradley, both of Knapp, Ohl & Green, of Glen Carbon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On August 22, 2003, the plaintiff, Earl Holmes, filed, in the circuit court of Madison County, a complaint for a declaratory judgment against the defendant, Federal Insurance Company, to recover medical expenses arising from an accidental fall on the premises of the defendant's insured. The insurance policy in question contains a medical expenses provision stating that, subject to the applicable limits of liability, the defendant "will pay each person who sustains bodily injury caused by an accident all medical expenses incurred," provided the accident takes place during the policy period and the bodily injury

arises "out of the premises or operations for which [the insured is] afforded bodily injury liability coverage." The parties agree that this is a "no fault" provision and that payment does not depend on a finding of liability on the part of the insured.

At the time of the filing of the declaratory judgment action, the plaintiff also had pending in the circuit court of St. Clair County an action against the insured to recover for his personal injuries. This action sounded in negligence, premises liability, and *res ipsa loquitur*.

On October 8, 2003, the defendant filed a motion to dismiss the declaratory judgment action on the ground that the plaintiff cannot proceed with a claim against the defendant insurer while essentially the same claim is pending against the insured. The defendant's motion is based primarily on *Zegar v. Sears Roebuck & Co.*, 211 Ill. App. 3d 1025 (1991), a decision from the First District of this court. *Zegar* held that, absent an express or clearly implied right in the insurance contract to sue the insurer directly to recover medical expenses, an injured party cannot maintain an action to recover those expenses directly from the insurer, at least until after a settlement, adjudication, or release of claim against the insured has been secured. *Zegar*, 211 Ill. App. 3d at 1032.

On November 17, 2003, after receiving oral and written argument, the circuit court of Madison County dismissed the declaratory judgment action, on the basis of *Zegar*. The plaintiff appeals. Our review of the granting of a motion to dismiss is *de novo*. *Redwood v. Lierman*, 331 Ill. App. 3d 1073, 1077 (2002).

In *Zegar*, the plaintiff brought suit against Allstate Insurance Company (Allstate), the insurer of Sears Roebuck & Company (Sears), to recover medical expenses for an injury incurred on the premises of a Sears store. Sears was not a party to the action or to an independent action for damages. The insurance policy in question provided that Allstate would pay medical expenses for bodily injury caused by an accident in a Sears store regardless of fault. The plaintiff sued Allstate under the theory that she was a third-party beneficiary of the insurance contract and could therefore bring a direct action against the insurance company. Allstate moved to dismiss on the basis of certain policy language that Allstate argued prohibited a lawsuit against the insurer before a final judgment or settlement against the insured was obtained. The trial court agreed with Allstate and dismissed the suit. *Zegar*, 211 Ill. App. 3d at 1026.

The First District of this court affirmed the trial court on the basis of policy language that it described as a "no direct action" clause. *Zegar*, 211 Ill. App. 3d at 1032. That language in the *Zegar* policy is virtually identical to language contained in the policy in the case at bar. The language in this case provides as follows:

"No person or organization has a right under this insurance:
- to join us as a party or otherwise bring us into a suit asking for damages from an insured; or
- to sue us on this insurance unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after:
- an actual trial in a civil proceeding ***."

Based on similar language, the First District determined that the injured party was not a third-party beneficiary of the contract between the insured and the insurer, because the coverage provisions of an insurance policy are primarily for the benefit of the contracting parties and only incidentally for injured claimants. *Zegar*, 211 Ill. App. 3d at 1031. In light of the "no direct action" clause, nothing in the insurance policy stated or strongly suggested that a claimant may maintain a direct action for medical expenses without regard to the resolution of his potential claim against the insured for bodily injuries. *Zegar*, 211 Ill. App. 3d at 1032. In the absence of an express or clearly implied right to sue Allstate directly for the medical expenses, the plaintiff could not maintain an action to recover medical expenses directly from Allstate, "at least until after a settlement, adjudication, or release of claim against Sears has been secured." *Zegar*, 211 Ill. App. 3d at 1032.

Finally, the *Zegar* court held that the "no direct action" clause comports with stated Illinois public policy that direct actions against insurance companies are against public policy, citing as authority cases holding that direct actions to recover damages for the *insured's negligence* could not be brought prior to the entry of a judgment against the insured. *Zegar*, 211 Ill. App. 3d at 1027-28; see *Marchlik v. Coronet Insurance Co.*, 40 Ill. 2d 327, 333 (1968); *Richardson v. Economy Fire & Casualty Co.*, 109 Ill. 2d 41, 47 (1985). We note that neither of these cases cited in *Zegar* involved a direct action for medical expenses, a benefit which is available under the policy without regard to fault.

We believe that the First District has misconstrued the "no direct action" clause of the policy, at least insofar as it relates to third-party suits to recover no-fault medical expenses under the policy. The "no direct action" clause here prohibits only "a suit asking for damages from an insured." A suit to collect under the medical expenses provision is not a suit asking for damages from the insured. As explained in *Garcia v. Lovellette*, 265 Ill. App. 3d 724, 728-29 (1994):

"[T]he medical payment provision is not an indemnity agreement which depends on a determination of the negligence of the

policyholder before the [injured party] may look to the insurer for payment. Rather, it is a separate agreement for direct payment to the injured [party] ***. For a separate consideration and by the very terms of the provision, the insurer undertook an obligation to pay directly to [the injured party]. It amounts to a 'no-fault' type of limited coverage which comes into effect upon the happening of defined events. ***

*** Such a provision constitutes separate accident coverage divisible from the remainder of the policy which 'creates a direct liability to the contemplated beneficiaries' and whose 'purpose is to grant peace of mind *** so that those injured will not necessarily be contemplating how to impose liability upon the insured.' [Citations.] The obligation of the insurer under this type of coverage clearly runs separately and directly to the injured person rather than to the person insured against liability under a standard *** policy."

The policy language in the case at bar provides that the defendant insurer "will pay each person who sustains bodily injury caused by an accident all medical expenses incurred." This is a benefit that runs separately and directly to the injured person rather than to the person insured against liability under the policy. It is a direct liability running from the defendant insurer to the injured plaintiff. Accordingly, the plaintiff's declaratory judgment against the defendant insurer is not "a suit asking for damages from an insured." It is a suit brought by the plaintiff to recover benefits under the policy that are owed directly to him, regardless of fault, under the terms of the policy. The obligation of the defendant insurer to the injured plaintiff is separate from the obligation to the insured and is owed directly to the injured plaintiff, as the defendant insurer undertook, through its contract, to make payment directly to the injured party. The defendant does not assert that the plaintiff has failed to fully comply with the terms of the policy. Accordingly, the "no direct action" clause of the policy does not bar the plaintiff's action in the case at bar.

Furthermore, we believe that the plain language of the medical expenses provision of the policy manifests an intent of the parties to the insurance contract to make the plaintiff a direct beneficiary of the contract. Indeed, the plaintiff is the only direct beneficiary of the medical expenses provision, which provides that the defendant insurer "will pay *each person who sustains bodily injury* caused by an accident all medical expenses incurred." (Emphasis added.) The plaintiff, who was allegedly injured while on the insured's premises, was an intended beneficiary of the insurance contract, not a third-party tort claimant whose rights arose only incidentally from the negligence of the insured.

In Illinois, a third party who is a direct beneficiary of an insurance

contract has standing to enforce the obligations intended for his benefit under the contract. *Garcia v. Lovellette,* 265 Ill. App. 3d 724, 731 (1994). It is not necessary that the contract for the benefit of a third-party beneficiary identify him by name; the contract may define the party benefited by the description of a class. *Garcia,* 265 Ill. App. 3d at 732. Accordingly, the plaintiff had standing to enforce the direct obligation undertaken by the defendant insurer to the plaintiff under the medical expenses provision of the insurance contract.

Nor does our holding conflict with the stated public policy of Illinois that no direct action may be brought against an insurance company to recover damages for the insured's negligence prior to the entry of a judgment against the insured. See *Marchlik v. Coronet Insurance Co.,* 40 Ill. 2d 327, 333 (1968); *Richardson v. Economy Fire & Casualty Co.,* 109 Ill. 2d 41, 47 (1985). The policy against direct actions is not a completely mandatory and inflexible prohibition against third-party practice. *Garcia,* 265 Ill. App. 3d at 731. It is applied where the issue of the insurer's liability would be intermingled with that of the insured and with the assessment of damages. *Garcia,* 265 Ill. App. 3d at 731. As we have already explained, a suit by an injured party to recover under the medical expenses provision of the policy is not a suit to recover damages for the insured's negligence. Because fault is not an issue with respect to medical expenses benefits, there is no danger that the liability of the insured and the liability of the insurer would become intermingled. See *Loeber Motors, Inc. v. Sims,* 34 Ill. App. 3d 342, 353 (1975) (Simon, J., concurring in part and dissenting in part). As we have explained, the obligation of the injured party to the insured is separate and direct, as the insurer undertook, through its contract, to make payment directly to the injured party. Further, the payment of medical expenses is not premised on the insurer's indemnification or on the negligence of the policyholder. Rather, the insurer's obligation arises upon the happening of a defined event, and there is no need to intermingle the liability of the insurer with that of the insured. In these circumstances, the direct action against the defendant insurer does not violate public policy.

We reverse the order of the circuit court dismissing the plaintiff's complaint. Because it appears that the trial court did not consider alternative grounds presented by the defendant for a full or partial dismissal of the complaint, we decline on appeal to address issues relating to those grounds, and we remand the cause to the circuit court of Madison County for further proceedings on the complaint.

For the foregoing reasons, the order of dismissal entered by the

circuit court of Madison County is hereby reversed, and this cause is remanded.

Reversed; cause remanded.

GOLDENHERSH and KUEHN, JJ., concur.