RICHARD J. MARTIS, on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellee, v. GRINNELL MUTUAL REINSURANCE COMPANY, Defendant-Appellant.

Third District No. 3—08—0004

Opinion filed March 27, 2009.

McDADE, J., concurring in part and dissenting in part.

Michael T. Reagan (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, PC, of Ottawa, and Stephen J. O'Neil, Paul J. Walsen, Dawn L. Johnson, and Sara E. Robinson, all of Bell, Boyd & Lloyd, LLP, of Chicago, for appellant.

Donald K. Birner (argued), of Pekin, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, Richard Martis, filed a class action complaint against defendant, Grinnell Mutual Reinsurance Company, alleging conspiracy, unjust enrichment, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 2006)) and breach of contract. The trial court dismissed all but plaintiff's breach of contract claim. The trial court then granted plaintiff's motion to certify a class. On appeal, defendant argues that (1) plaintiff does not have a valid breach of contract claim, and (2) the trial court abused its discretion by certifying a class. We hold that plaintiff cannot state a claim for breach of contract against defendant and, thus, reverse and remand.

Plaintiff is a chiropractor. In February 2006, he began treating an employee of Water Management Corp. of Illinois who was injured while working. Water Management had a workers' compensation insurance policy from defendant Grinnell Mutual Reinsurance Company. That policy listed Water Management Corp. of Illinois, employer, as the insured. The policy states: "We [Grinnell] will pay promptly when due the benefits required by you [employer] by the workers compensation law." Another provision of the policy states: "We [Grinnell] are directly and primarily liable to any person entitled to benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you [employer] and us."

After plaintiff provided medical treatment to the Water Management employee, plaintiff submitted bills to defendant for payment. Plaintiff's bills were reviewed by a third-party medical invoice review firm, which applied preferred provider organization (PPO) discounts to plaintiff's bills even though plaintiff did not have a PPO agreement with defendant. Defendant paid plaintiff the discounted amounts.

Plaintiff filed a seven-count complaint against defendant, seeking to represent a class of Illinois health care providers who submitted

bills to defendant under workers' compensation insurance and had bills reduced because of a PPO discount even though the providers did not have a PPO contract with defendant. Count I alleged civil conspiracy. Count II alleged unjust enrichment. Count III alleged violation of the Illinois Consumer Fraud Act. Count IV alleged breach of contract. Count V sought injunctive relief, and count VI sought declaratory relief. Count VII sought an accounting and a constructive trust.

Defendant filed a motion to dismiss plaintiff's complaint. The trial court granted the motion in part and denied it in part, finding that counts I and II failed to state a cause of action. The court then ruled on plaintiff's motion to certify a class action. The trial court concluded that plaintiff, as a class representative, could not prevail on count III, his consumer fraud count, but could potentially prevail on count IV, his breach of contract claim, as a third-party beneficiary of the workers' compensation policy.[1] As to count IV, the court certified the following class: "All licensed Illinois healthcare providers who: (a) submitted claims for medical expenses pursuant to a Grinnell workers' compensation policy; (b) received or were tendered payment between October 20, 1996 and October 20, 2006 in which Grinnell took a PPO discount; and (c) did not have a PPO contract with Grinnell."

Defendant filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(8) (210 Ill. 2d R. 306(a)(8)), which we granted.

## ANALYSIS

In order to certify a class action, the trial court must find that certain factors, set forth in section 2—801 of the Code of Civil Procedure, have been met. See 735 ILCS 5/2—801 (West 2006); *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125, 835 N.E.2d 801, 819 (2005). However, before deciding if the necessary requisites for a class action have been met, the trial court must find that the plaintiff has asserted a valid cause of action. See *Saldana v. American Mutual Corp.*, 97 Ill. App. 3d 334, 338, 422 N.E.2d 860, 863 (1981). "Unless the plaintiff has a cause of action against the defendant, any attempted class action fails." *Saldana*, 97 Ill. App. 3d at 338, 422 N.E.2d at 863.

### I

Defendant argues that the trial court erred in certifying plaintiff's class action based on his breach of contract claim because plaintiff is not an intended third-party beneficiary of the workers' compensation policy.

---

[1]The trial court did not rule on counts V through VII of plaintiff's complaint.

■ The construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law. *Avery*, 216 Ill. 2d at 129, 835 N.E.2d at 821. Our review is *de novo. Avery*, 216 Ill. 2d at 129, 835 N.E.2d at 821. An individual not a party to a contract may only enforce the contract's rights when the contract's original parties intentionally entered into the contract for the direct benefit of the individual. *Swavely v. Freeway Ford Truck Sales, Inc.*, 298 Ill. App. 3d 969, 973, 700 N.E.2d 181, 185 (1998). There is a strong presumption that the parties to a contract intend that the contract's provisions apply only to them, and not to third parties. *Barney v. Unity Paving, Inc.*, 266 Ill. App. 3d 13, 19, 639 N.E.2d 592, 596 (1994). That the contracting parties know, expect, or even intend that others will benefit from their agreement is not enough to overcome the presumption that the contract was intended for the direct benefit of the parties. *Barney*, 266 Ill. App. 3d at 19, 639 N.E.2d at 596.

Whether someone is a third-party beneficiary depends on the intent of the contracting parties, as evidenced by the contract language. See *F.H. Paschen/S.N. Nielsen, Inc. v. Burnham Station, L.L.C.*, 372 Ill. App. 3d 89, 96, 865 N.E.2d 228, 235 (2007). It must appear from the language of the contract that the contract was made for the direct, not merely incidental, benefit of the third person. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 200, 721 N.E.2d 605, 612 (1999). Such an intention must be shown by an express provision in the contract identifying the third-party beneficiary by name or by description of a class to which the third party belongs. See *Holmes v. Federal Insurance Co.*, 353 Ill. App. 3d 1062, 1066, 820 N.E.2d 526, 530 (2004). If a contract makes no mention of the plaintiff or the class to which he belongs, he is not a third-party beneficiary of the contract. See *155 Harbor Drive Condominium Ass'n v. Harbor Point Inc.*, 209 Ill. App. 3d 631, 647, 568 N.E.2d 365, 375 (1991); *Swaw v. Ortell*, 137 Ill. App. 3d 60, 70, 484 N.E.2d 780, 787 (1984). The plaintiff bears the burden of showing that the parties to the contract intended to confer a direct benefit on him. See *F.H. Paschen*, 372 Ill. App. 3d at 96, 865 N.E.2d at 235.

The issue we must decide in this case, whether a medical provider is a third-party beneficiary of a workers' compensation policy, is one of first impression in this state.[2] Thus, we look to decisions of other states for guidance.

---

[2] We are aware of the decision issued by the Seventh Circuit, which contains the following statement: "Illinois law does not allow a provider of medical care to sue a workers' compensation carrier." *Foster McGaw Hospital of Loyola University of Chicago v. Building Material Chauffeurs, Teamsters &*

In *Jou v. National Interstate Insurance Co. of Hawaii*, 114 Haw. 122, 157 P.3d 561 (App. 2007), the Hawaii Court of Appeals examined whether a physician who provided medical services to an injured employee was an intended third-party beneficiary of the employer's workers' compensation insurance contract. The court held that "a physician is [merely] an incidental beneficiary rather than an intended third-party beneficiary of the employer's workers' compensation insurance." *Jou*, 114 Haw. at 134, 157 P.3d at 573. The court explained:

> "In providing workers' compensation insurance coverage, the insurer promises the employer that the insurer will pay benefits owed by the employer to injured employees. This promise incidentally benefits the physician to the extent that the physician provides treatment for which the employer is required to pay." *Jou*, 114 Haw. at 134, 157 P.3d at 573.

Thus, the physician was precluded from bringing a bad-faith claim against the workers' compensation carrier. *Jou*, 114 Haw. at 134, 157 P.3d at 573.

Similarly, in *McFadden v. Liberty Mutual Insurance Co.*, 803 F. Supp. 1178 (N.D. Miss. 1992), a federal district court held that a treating physician could not bring a bad-faith claim against a workers' compensation insurance carrier because the physician was not an intended beneficiary of the workers' compensation policy. The court stated that the workers' compensation act contemplates a three-party agreement among the employer, the employee and the compensation insurance carrier. *McFadden*, 803 F. Supp. at 1183. The employer and workers' compensation insurance carrier were the parties to the contract, and the employee was the intended beneficiary of the contract. *McFadden*, 803 F. Supp. at 1183. The treating physician was not an intended beneficiary but was merely an incidental third-party beneficiary under the insurance contract. *McFadden*, 803 F. Supp. at 1183. Thus, the physician did not have standing to sue under it. *McFadden*, 803 F. Supp. at 1185-86. See also *CNA Insurance Co. v. Scheffey*, 828 S.W.2d 785, 791 (Tex. App. 1992) ("'The Workers' Compensation Act contemplates a three party agreement entered into by the employer, the employee and the compensation carrier"); *Furno v. Citizens Insurance Co. of America*, 590 N.E.2d 1137, 1141 (Ind. App. 1992) ("it would be unreasonable to find that the physician treating

---

*Helpers Welfare Fund of Chicago, Local 786*, 925 F.2d 1023, 1024 (7th Cir. 1991). However, the Seventh Circuit did not determine whether a medical provider was a third-party beneficiary to a workers' compensation policy nor did the court expand or elaborate on the above statement or cite to any Illinois cases.

the claimant was a third-party beneficiary of the [workers' compensation] policy").

In motor vehicle cases, the majority of courts do not allow medical providers' third-party claims. Nearly every state court to address the issue has held that medical providers are incidental beneficiaries of automobile insurance policies and, thus, have no standing to enforce the policies. See *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mutual Insurance Co.*, 250 S.W.3d 321 (Ky. 2008); *Jou v. Dai-Tokyo Royal State Insurance Co.*, 116 Haw. 159, 172 P.3d 471 (2007); *Elsner v. Farmers Insurance Group, Inc.*, 364 Ark. 393, 220 S.W.3d 633 (2005); *Parkway Insurance Co. v. New Jersey Neck & Back*, 330 N.J. Super. 172, 748 A.2d 1221 (1998); *Parrish Chiropractic Centers, P.C. v. Progressive Casualty Insurance Co.*, 874 P.2d 1049 (Colo. 1994); *Kelly Health Care, Inc. v. Prudential Insurance Co. of America, Inc.*, 226 Va. 376, 309 S.E.2d 305 (1983); *Ludmer v. Erie Insurance Exchange*, 295 Pa. Super. 404, 441 A.2d 1295 (1982). But see *Orion Insurance Co. v. Magnetic Imaging Systems I*, 696 So. 2d 475 (Fla. App. 1997).

Federal courts have concluded that a medical provider can be an intended beneficiary of an insurance policy only if the policy provides for payment directly to the medical provider. See *United States v. Automobile Club Insurance Co.*, 522 F.2d 1 (5th Cir. 1975); *Vencor Hospitals v. Blue Cross Blue Shield of Rhode Island*, 169 F.3d 677 (11th Cir. 1999). In *Automobile Club*, the Fifth Circuit found that the federal government, which provided medical care to an insured, was an intended third-party beneficiary of an automobile insurance policy because the policy required the insurer to "pay *** any person or organization rendering the [medical] services." *Automobile Club*, 522 F.2d at 2-3. In a health insurance case, the Eleventh Circuit ruled that Vencor Hospital was a third-party beneficiary of a health insurance policy because the policy provided that benefits could be paid directly to the hospital. See *Vencor*, 169 F.3d at 680. The court explained: "By providing for payment directly to the hospital, the contracting parties showed a clear intent to provide a direct benefit to Vencor, *** and thus Vencor has standing to bring this suit." *Vencor*, 169 F.3d at 680.

The above-cited cases teach us that medical providers are generally not third-party beneficiaries of insurance policies, particularly workers' compensation policies. The only exceptions to this rule are when (1) the policy expressly identifies medical providers as third-party beneficiaries (*Holmes*, 353 Ill. App. 3d at 1066, 820 N.E.2d at 530; *155 Harbor Drive Condominium Ass'n*, 209 Ill. App. 3d at 647, 568 N.E.2d at 375), or (2) the policy provides for payment directly to medical providers (*Automobile Club*, 522 F.2d at 2-3; *Vencor*, 169 F.3d

at 680). Thus, we must look to the language of the policy to determine if plaintiff is an intended beneficiary.

Unlike the policies in *Automobile Club* and *Vencor*, the policy in this case does not require defendant to directly pay medical providers, such as plaintiff, who treat an employee for work-related injuries. The policy does not mention medical providers. Nevertheless, plaintiff contends that the following provision gives him standing to sue under the policy: "We [Grinnell] are directly and primarily liable to any person entitled to benefits payable by this insurance. Those persons may enforce our duties ***."

An Illinois court considered whether similar language created third-party beneficiary rights in *Federal Insurance Co. v. Turner Construction Co.*, 277 Ill. App. 3d 262, 660 N.E.2d 127 (1995). In that case, Midwest Stock Exchange sued subcontractors on a building project, alleging that their failure to complete work in a timely fashion caused damage to Midwest's property. Midwest argued that it was an intended beneficiary of the construction contract because the contract contained an indemnification provision making defendants liable to "all persons" for damages arising from their work. *Federal Insurance Co.*, 277 Ill. App. 3d at 269, 660 N.E.2d at 132. The court disagreed, stating:

> "[T]he indemnification provisions in the instant case does not identify any third parties. The contract language and attending circumstances do not indicate that the parties intended to benefit anyone but themselves. As such, Midwest has failed to identify any language in the subcontract which constitutes an express declaration to overcome the presumption that the parties contracted only for themselves." *Federal Insurance Co.*, 277 Ill. App. 3d at 269, 660 N.E.2d at 132.

Thus, the appellate court affirmed the trial court's ruling that Midwest was not a third-party beneficiary. *Federal Insurance Co.*, 277 Ill. App. 3d at 269, 660 N.E.2d at 132.

■ Here, the provision relied upon by plaintiff, which makes defendant liable to "any person entitled to benefits payable by this insurance" does not identify any third parties. Moreover, plaintiff is not a "person entitled to benefits" pursuant to the Illinois Workers' Compensation Act. See 820 ILCS 305/4(g) (West 2004) (only "the employee, his or her personal representative or beneficiary" is entitled to benefits under a workers' compensation policy and have standing to sue an insurer to enforce such a policy). Plaintiff has failed to identify any provision in the policy that references himself or "medical providers," the class to which he belongs. He has not sustained his burden of proving that he was a third-party beneficiary of the workers'

compensation policy. See *155 Harbor Drive*, 209 Ill. App. 3d at 647, 568 N.E.2d at 375; *Swaw*, 137 Ill. App. 3d at 70, 484 N.E.2d at 787.

Because plaintiff is not a third-party beneficiary of the workers' compensation policy, he has no right to enforce it. See *Swavely*, 298 Ill. App. 3d at 973, 700 N.E.2d at 185. Thus, plaintiff's breach of contract action must be dismissed. Since plaintiff's breach of contract claim is the only cause of action upon which his class action was allowed, plaintiff's class action against defendant must also be dismissed. See *Saldana*, 97 Ill. App. 3d at 338, 422 N.E.2d at 863.

## II

■ Plaintiff argues that if we dismiss his breach of contract action, we should reconsider the trial court's dismissal of his unjust enrichment claim. However, plaintiff did not file a cross-appeal of the trial court's decision dismissing his unjust enrichment claim, as required by Supreme Court Rule 303(a)(3) (210 Ill. 2d R. 303(a)(3)).

Appellees may not argue alleged errors unless they timely file a cross-appeal. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 14, 653 N.E.2d 968, 970 (1995). In the absence of a cross-appeal, an appellee will not be permitted to challenge or ask the reviewing court to modify a portion of the trial court's order. *People ex rel. Wray v. Brassard*, 226 Ill. App. 3d 1007, 1011, 589 N.E.2d 1012, 1015 (1992). When an appellee does not file a cross-appeal, the reviewing court is confined to the issues presented by the appellant. *Brassard*, 226 Ill. App. 3d at 1011, 589 N.E.2d at 1015. Because plaintiff did not file a cross-appeal, we may not address his argument that the trial court improperly dismissed his unjust enrichment claim. See *Lagen*, 274 Ill. App. 3d at 14.

Nevertheless, if we were to address plaintiff's argument, we would find that the trial court properly dismissed plaintiff's unjust enrichment claim. The doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 678 (1989). Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery. *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 631, 888 N.E.2d 1190, 1200 (2008); *Lewis v. Lead Industries Ass'n*, 342 Ill. App. 3d 95, 105, 793 N.E.2d 869, 877 (2003). " 'Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, and may be redressed by a cause of action based upon that improper conduct.' " *Alliance Acceptance Co. v. Yale Insurance Agency, Inc.*, 271 Ill. App. 3d 483, 492, 648 N.E.2d 971, 977 (1995), quoting *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance*

*Co.*, 137 Ill. App. 3d 84, 90-91, 484 N.E.2d 349, 354 (1985). When an underlying claim of fraud, duress or undue influence is deficient, a claim for unjust enrichment should also be dismissed. See *Mulligan*, 382 Ill. App. 3d at 631, 888 N.E.2d at 1200.

For a cause of action based on a theory of unjust enrichment to exist, there must be an independent basis that establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty. *Lewis*, 342 Ill. App. 3d at 105, 793 N.E.2d at 877. A plaintiff fails to state a cause of action for unjust enrichment absent an allegation of duty. See *Lewis*, 342 Ill. App. 3d at 105, 793 N.E.2d at 877.

Plaintiff alleged that defendant violated the Illinois Consumer Fraud Act, but the trial court found that plaintiff could not prevail on that count. Because there was no valid underlying fraud claim, the trial court properly dismissed plaintiff's unjust enrichment claim. See *Mulligan*, 382 Ill. App. 3d at 631, 888 N.E.2d at 1200. Additionally, plaintiff failed to allege that defendant owed him a duty. Absent an allegation that defendant was under a duty to plaintiff, plaintiff failed to state a cause of action for unjust enrichment. See *Lewis*, 342 Ill. App. 3d at 105, 793 N.E.2d at 877.

## CONCLUSION

The judgment of the circuit court of Tazewell County is reversed and remanded.

Reversed and remanded.

O'BRIEN, P.J., concurs.

JUSTICE McDADE, concurring in part and dissenting in part:

The majority has found that it must reverse the trial court's order because plaintiff is not a third-party beneficiary of the workers' compensation policy and therefore his complaint for breach of contract based on that policy must be dismissed. 388 Ill. App. 3d at 1024. The majority has also found that this court may not address plaintiff's argument that the trial court improperly dismissed his unjust enrichment claim because plaintiff failed to file a cross-appeal of that judgment. 388 Ill. App. 3d at 1024. I concur in the majority's holdings that (a) plaintiff is not a third-party beneficiary of the workers' compensation policy, and (b) that plaintiff's failure to file a cross-appeal results in his waiver of the issue of the dismissal of his unjust enrichment claim for our review. Because I would affirm the trial court's judgment based on my finding that plaintiff has a valid cause of action against

defendant, I respectfully dissent from that portion of the majority's holding reversing the trial court's order certifying the class as to count IV of plaintiff's complaint.

I agree that "before deciding if the necessary requisites for a class action have been met, the trial court must find that the plaintiff has asserted a valid cause of action." 388 Ill. App. 3d at 1019. I disagree with the majority's holding that "[s]ince plaintiff's breach of contract claim is the only cause of action upon which his class action was allowed, plaintiff's class action against defendant must also be dismissed." 388 Ill. App. 3d at 1024. I find that plaintiff has a valid cause of action against defendant.

The majority asserts that "[t]he issue we must decide in this case [is] whether a medical provider is a third-party beneficiary of a workers' compensation policy." 388 Ill. App. 3d at 1020. I disagree. The issue we must decide is whether plaintiff has a valid cause of action for breach of contract. I conclude that plaintiff's cause of action does not in fact assert his patients' right to insurance coverage under the Workers' Compensation Act nor a right—belonging to himself or his patient—to payment for covered health care expenses under defendant's contract with the employer.

Plaintiff is not seeking to recover based on rights under the workers' compensation insurance contract. I agree that plaintiff is not entitled to the benefits payable by the insurance because he is not a party entitled to workers' compensation benefits. However, he is owed payment from defendant for the services he rendered. Plaintiff is simply seeking to recover payment due. He is limiting the source of his recovery to the employee's workers' compensation insurance provider. That plaintiff is so limiting the pool from which he seeks to recover does not transform his simple claim for payment into a claim under the workers' compensation insurance contract. Rather, plaintiff's cause of action centers on the application and alleged misappropriation, by defendant, of PPO discounts to which it was not entitled. Plaintiff's complaint does not involve defendant's workers' compensation insurance contract and does not involve a claim under the Workers' Compensation Act. Accord *Roche v. Travelers Property Casualty Insurance Co.*, No. 07—CV—302—JPG (S.D. Ill. July 24, 2008).

Regardless of the reasons the trial court gave for certifying the class or its statement of the common question of law to members of the class, nothing in plaintiff's complaint relies on any of the class members being third-party beneficiaries of the defendant's contracts with the class members' patients' employers. Moreover, no dispute exists that defendant is obligated to pay members of the class for covered

health care expenses. The litigation seeks only to resolve how much, and whether, the defendant can unilaterally reduce the amount the providers charged based on discounts the providers negotiated with other parties in contracts to which defendant is not a party.

Despite plaintiff's argument that he is a third-party beneficiary of defendant's contract with the patient's employer, the real question in this case is not whether the class members are third-party beneficiaries of defendant's contracts with the employers, but whether defendant is a third-party beneficiary of the class members' contracts with their respective PPO networks. I agree with the majority to the extent it holds that "plaintiff's breach of contract claim is the only cause of action upon which his class action was allowed." 388 Ill. App. 3d at 1024. However, I believe the majority is implicitly relying on a belief, admittedly engendered by plaintiff, that the contract at issue is the workers' compensation contact.

Count IV of plaintiff's complaint is titled simply as a claim for breach of contract. "[A] pleading will not be held to be bad in substance if it contains sufficient information as will reasonably inform a defendant of what he must defend against ***." *In re Beatty*, 118 Ill. 2d 489, 499, 517 N.E.2d 1065, 1070 (1987). Defendant admits that it "asserts that PPO agreements may allow [defendant] to pay discounted rates by express agreement of the parties." The only "parties" implicated in that question are plaintiff, the other health care providers, and defendant. That question does not involve the employer, the employee, or, consequently, the Workers' Compensation Act. I find that nothing in the pleadings precludes my view of the true nature of this case. See *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 427, 430 N.E.2d 976, 986 (1981) (" 'Since the passage of the Civil Practice Act in Illinois, our courts have consistently held that pleadings should be liberally construed' "), quoting *Psyhogios v. Village of Skokie*, 4 Ill. App. 3d 186, 191 (1972).

On the real question raised by plaintiff's complaint (as conceded by defendant) involving defendant's alleged rights under plaintiff's PPO contracts, plaintiff has demonstrated that he has a cause of action against defendant. Moreover, the questions of fact and law in his claim are common to the members of the purported class, and plaintiff can adequately represent the class. Finally, I believe that a class action is an appropriate method for the fair and efficient adjudication of this controversy.

Accordingly, I would affirm.