**Affirmed and Majority and Dissenting Opinions filed May 10, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00159-CV

---

### CHRISTOPHER AUZENNE, Appellant

### V.

### GREAT LAKES REINSURANCE, PLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1056133**

---

## D I S S E N T I N G   O P I N I O N

At issue in this case as a matter of first impression is whether the prohibition on direct actions by an injured third party against an insurer applies to claims brought under a "medical payments" provision in an insurance policy requiring the insurer to pay medical expenses of anyone injured on the subject property regardless of fault. Because we have insufficient guidance on this issue, I would conclude that a dismissal under Rule 91a is inappropriate under these

circumstances and remand the case to the trial court for further proceedings.

Rule 91a provides a mechanism for the quick dismissal of causes of action that have no basis in law or fact, as judged solely by the sufficiency of the pleadings raising the cause of action and any properly attached pleading exhibits. Tex. R. Civ. P. 91a.1, 91a.6; *In re Sheshtawy*, 478 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (Jamison, J., dissenting). It is a harsh remedy that should be strictly construed. *Id.* (citing *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied)). A cause of action has no basis in law—the part of the rule on which the majority relies—if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *See* Tex. R. Civ. P. 91a.1; *see also Sheshtawy*, 478 S.W.3d at 88.

The majority holds that appellant Christopher Auzenne must obtain a liability finding "by final judgment or settlement" against the property owner, Snowflake Donuts, even though, as pleaded, Auzenne is not required to establish liability to be entitled to recoup medical expenses under the insurance policy. The majority relies on a number of cases, none of which involve a medical payments provision in an insurance policy. *See, e.g., In re Essex Ins. Co.*, 450 S.W.3d 524, 526-27 (Tex. 2014) (holding, in suit against both the tortfeasor and its insurer, no direct action rule applies to declaratory judgment claims); *Ohio Cas. Ins. Co. v. Time Warner Entm't Co.*, 244 S.W.3d 885, 888-89 (Tex. App.—Dallas 2008, pet. denied) (holding that additional insured under insurance policy could not sue insurer until negligence claims against other insured were resolved); *Rumley v. Allstate Indemn. Co.*, 924 S.W.2d 448, 450 (Tex. App.—Beaumont 1996, no writ) (holding insurer did not owe duty of good faith and fair dealing to plaintiff even though she was a named insured on policy when her claim was based upon her

husband's tort liability). *In re Essex* and *Time Warner* acknowledge the general rule "that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's *liability* has been finally determined by agreement or judgment." *In re Essex*, 450 S.W.3d at 525 (emphasis added); *see also Time Warner*, 244 S.W.3d at 888. And the analysis in *Rumley* is based upon the underlying tort liability of an insured party. 924 S.W.2d at 450. Here, Snowflake Donut's liability is not at issue. These cases are not applicable.

Because this case involves a matter of first impression, I would seek guidance from other jurisdictions. In *Donald v. Liberty Mutual Insurance Company*, the Seventh Circuit held under Indiana law that an injured party can sue an insurance company directly under a medical payments provision in an insurance policy. 18 F.3d 474, 481 (7th Cir. 1994). In reaching this conclusion, the court acknowledged that under Indiana law, similar to Texas law, an injured party could not sue a tortfeasor's insurance company directly before obtaining a judgment against the insured. *Id.* at 480. But the court reasoned that "[t]he concept of direct action against an insurer applies when an injured party seeks to sue the insurer directly to recover sums for which the insured would otherwise be *liable in tort*." *Id*. (emphasis added). Because the plaintiff's ability to recover medical payment benefits was not contingent on the liability of the insured, the court noted, "Indiana's position on direct action is irrelevant to whether [the plaintiff could] sue [the insurer] directly to recover the medical payment benefits." *Id*.

The court concluded that the plaintiff's right to sue the insurer "rest[ed] not on whether Indiana ha[d] authorized direct actions against a tortfeasor's insurer, but rather on whether [the plaintiff was] a third party beneficiary of the contract providing for medical payment benefits." *Id*. at 481. As noted by the court, "The weight of authority suggests that medical payments provisions regarding injured

third parties are third party beneficiary contracts." *Id.* Because the plaintiff was a third party beneficiary who was eligible for the medical payment benefits, he was entitled to sue the insurer directly in contract, as opposed to bringing a lawsuit to recover damages for the insured's negligence. *Id.*; *see also Holmes v. Fed. Ins. Co.*, 820 N.E.2d 526, 530 (Ill. App. Ct. 2004).

Other jurisdictions have reached the same conclusion. *See, e.g., Harper v. Wausau Ins. Co.*, 66 Cal. Rptr. 2d 64, 69 (Cal. Ct. App. 1997) ("[A] number of other authorities have concluded medical payments provisions of the type presently before us provide exceptions to the general rule barring actions against the insurer for liability . . . because the[se] provisions provide direct obligations on the part of the insurer to the intended beneficiaries."); *Holmes*, 820 N.E.2d at 530 ("Because fault is not an issue with respect to medical expenses benefits, there is no danger that the liability of the insured and the liability of the insurer would become intermingled."); *Alexander v. W.F. Shuck Petroleum Co.*, No. HHBCV085010050, 2009 WL 2783587, at *7 (Conn. Super. Ct. Aug. 3, 2009) ("[O]n balance, the view articulated by a majority of the jurisdictions that an injured party can bring a direct action against an insurer under the medical payments clause of the insured's policy is more persuasive [than the alternative view].").[1] Because the insurer's liability is not dependent on the liability of the insured under a medical payments provision, I would conclude, in accordance with the weight of authority, that Auzenne's claim for medical payment benefits under the insurance policy is not barred by the direct action rule.

Pointing out that the insurance policy is not in the record, the majority cites cases that do not deal with motions to dismiss under Rule 91a to conclude that

[1] *See also Prince v. Louisville Mun. Sch. Dist.*, 741 So. 2d 207, 212-13 (Miss. 1999); *Hunt v. First Ins. Co. of Hawaii, Ltd.*, 922 P.2d 976, 981-82 (Haw. Ct. App. 1996); *Desmond v. Am. Ins. Co.*, 786 S.W.2d 144, 147 (Mo. App. 1990).

Auzenne has not "overcome the strong presumption against conferring third-party beneficiary status." *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (concluding, in appeal brought after bench trial, based on interpretation of contract, that plaintiff had not established third-party beneficiary status); *Farias v. Allstate Ins. Co.*, No. 13-10-00071-CV, 2011 WL 2175220, at *3 (Tex. App.—Corpus Christi June 2, 2011, pet. denied) (mem. op.) (concluding trial court did not err in granting summary judgment because language of insurance policy did not indicate plaintiffs were contemplated as third-party beneficiaries when contract was executed). Merely because there is a presumption against third-party beneficiary status does not mean as a matter of law that the presumption can never be rebutted. Whether Auzenne ultimately will be able to rebut the presumption is not an issue to be decided at this juncture. Here, Auzenne was required only to *plead* causes of action that have a basis in law or fact. *See* Tex. R. Civ. P. 91a.1, 91a.6. He pleaded that there was a medical payments clause in the subject insurance policy that "obligated Defendant to pay medical expenses of persons who sustain injuries at Snowflake Donuts regardless of fault." Auzenne was not required to present the insurance policy at this early stage of the litigation, before discovery had been conducted, as might be required for him to oppose a motion for summary judgment or plea to the jurisdiction and would be required if the cause proceeded to trial.

Taking the allegations in Auzenne's live petition as true—that Auzenne was injured at Snowflake Donuts and the insurance policy contains a medical payments provision that obligates the insurer to "pay medical expenses of persons who sustain injuries at Snowflake Donuts regardless of fault," I would conclude that Auzenne did not fail to state a cause of action with a basis in law or fact. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014,

5

pet. denied) ("In conducting our review, . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact."). I would reverse the trial court's order dismissing his causes of action and awarding attorney's fees and remand the case.

/s/      Martha Hill Jamison
         Justice

Panel consists of Justices McCally, Wise, and Jamison (Wise, J., majority).