2020 IL App (1st) 192627-U

FIFTH DIVISION
SEPTEMBER 30, 2020

No. 1-19-2627

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| AB CPA, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ADAMSKI, SR., individually and as sole | ) | No. 19 CH 6255 |
| proprietor of ACCOUNTING PROFESSIONALS, INC.; | ) | |
| AJM ENTERPRISES, INC. d/b/a AJM ACCOUNTING, | ) | |
| INC.; and MICHAEL J. ADAMSKI, JR., | ) | Honorable |
| | ) | Caroline Kate Moreland, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's order granting defendant Michael J. Adamski, Sr.,'s motion to stay litigation and compel arbitration is reversed.

¶ 2   Plaintiff-appellant AB CPA, Inc., appeals from the circuit court of Cook County's order granting defendant-appellee's Michael J. Adamski, Sr.'s motion to compel arbitration, arguing, alternatively, that (1) Adamski Senior was not a party to the Asset Purchase Agreement mandating arbitration; (2) AB CPA's claims were based on the covenant not to compete which did not require

arbitration of claims arising thereunder; or (3) Adamski Senior waived arbitration of the dispute when he filed his own lawsuit against AB CPA in circuit court. For the following reasons, we reverse the judgment of the circuit court of Cook County and remand the case for further proceedings.

¶ 3                                                    BACKGROUND

¶ 4    On December 22, 2016, AB CPA, an accounting firm engaged, in part, in the preparation of income tax returns, and Michael J. Adamski, CPA, Ltd.,[1] also a firm engaged in preparing tax returns, entered into an Asset Purchase Agreement (Agreement) whereby Adamski CPA agreed to sell its assets, including contracts, inventory, customer accounts, and customer information, to AB CPA. Adamski Senior signed the Agreement in his capacity as Adamski CPA's president. The Agreement included a provision titled "Dispute Resolution," in which the parties agreed that any dispute arising "out of or related to" the Agreement, "or breach thereof," shall be settled by arbitration.

¶ 5    Pursuant to the terms of the Agreement, that same day AB CPA and Adamski Senior, in his individual capacity, executed a covenant not to compete. The covenant prevented Adamski Senior from, *inter alia*, engaging in public accounting in the Chicago area and soliciting business from customers or clients of Adamski CPA or AB CPA for a period of five years. The covenant also provided that "any litigation regarding or concerning this Agreement shall be brought in a court located in Cook County, IL."

¶ 6    In May 2019, AB CPA filed suit against Adamski Senior. The complaint included 3 counts against Adamski Senior: (1) breach of the covenant not to compete; (2) violation of the Illinois Trade Secrets Act; and (3) civil conspiracy. Specifically, AB CPA alleged that as part of a scheme

---

[1] Adamski CPA is not a party to this litigation.

between Adamski Senior and Michael J. Adamski, Jr., Adamski Senior took Adamski CPA's customer list (the property of AB CPA under the Agreement), and used that list to solicit clients while working as an accountant for AJM Enterprises, a business formed by Adamski Junior.

¶ 7    Adamski Senior moved to compel arbitration and stay the litigation, and after briefing, the trial court granted the motion.  AB CPA timely appeals.

¶ 8                                    ANALYSIS

¶ 9    We note that we have jurisdiction to review this matter, as an order compelling arbitration is injunctive in nature and subject to interlocutory appeal as of right pursuant to Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). AB CPA timely filed a notice of appeal within 30 days of the court's entry of its interlocutory order.

¶ 10    Significantly, Adamski Senior has filed neither an appearance nor an appellee's brief although this appeal has been pending for over nine months.  Therefore, we will consider the instant appeal on appellant's brief only, as the record is simple and the claimed errors can be decided without the aid of an appellee's brief.  See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128,

¶ 11    The standard of review of a lower court's ruling on a motion to compel arbitration is dictated by the nature of the issue decided.  *Brown v. Delfre*, 2012 IL App (2d) 111086, ¶ 10.  AB CPA offers numerous reasons to reverse the circuit court's ruling, but the dispositive issue is whether Adamski Senior is a party to the Agreement containing the arbitration clause or otherwise has standing to compel arbitration.  This is a legal question subject to *de novo* review.  *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 19 ("The issue of standing is a matter of law and is [] subject to *de novo* review."); see also *Keefe v. Allied Homan Mortgage*

*Corp.*, 393 Ill. App. 3d 226, 229 (2009) (where trial court renders decision on motion to compel arbitration without evidentiary hearing or making factual findings, standard of review is *de novo*).

¶ 12    Under Illinois law, only signatories to an arbitration agreement can file a motion to compel arbitration. *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1194 (2000). It is undisputed that the parties to the Agreement were AB CPA and Adamski CPA, a corporation. To be sure, Adamski Senior signed the Agreement, but only in his capacity as president of Adamski CPA and not in his individual capacity. As such, he was not a party to the contract. See *Koehler v. Packer Group, Inc.*, 2016 IL App (1st) 142767, ¶¶ 31-34 (rejecting corporate officers' contention that they were entitled to enforce arbitration provision in contract they had signed in their capacity as corporate representatives).

¶ 13    In the trial court, Adamski Senior argued that he was entitled to enforce the arbitration clause as a third-party beneficiary to the Agreement. See *Ervin v. Nokia*, 349 Ill. App. 3d 508, 514 (2004) (a nonsignatory can enforce an arbitration clause if the nonsignatory qualifies as a third-party beneficiary of the agreement). There are two types of third-party beneficiaries under Illinois law: intended and incidental. *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 14. Only a beneficiary who is *intended* by the parties to the contract to directly benefit from the performance of the agreement may sue under the contract. *Id.* There is a strong presumption that parties intend a contract to apply only to themselves. *Bank of America National Ass'n v. Bassman FBT, LLC,* 2012 IL App (2d) 110729, ¶ 27. An intention to the contrary may be evidenced through an identification of the third-party beneficiary by name or by description of the class to which he belongs. *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1021 (2009).

¶ 14    In this case, the Agreement does not name Adamski Senior either individually or through description of a class to which he belongs.  The Agreement refers only to obligations of and benefits to AB CPA and Adamski CPA.  Adamski Senior's contention that he received a benefit under the Agreement—namely, a promissory note—in exchange for signing the covenant not to compete, is factually erroneous.  While AB CPA financed a portion of its purchase of Adamski CPA's assets with a promissory note, that note promised payment to *Adamski CPA the corporation*, and not Adamski Senior personally.  Because Adamski Senior cannot show that he was an intended third-party beneficiary of the Agreement, we conclude that the trial court erred in granting Adamski Senior's motion to compel arbitration and stay the litigation.  See *Koehler*, 2016 IL App (1st) 142767, ¶ 32 (rejecting corporate officers' contention that they were third-party beneficiaries to contract executed by corporation).

¶ 15                                CONCLUSION

¶ 16    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the case for further proceedings.

¶ 17    Reversed and remanded.