2021 IL App (1st) 210008-U

FIFTH DIVISION
August 13, 2021

No. 1-21-0008

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VIPER TRADESHOW TRANSPORTATION, INC., d/b/a Viper Tradeshow Services, an Illinois corporation, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19 CH 10841 |
| AMERICAN VETERINARY MEDICAL ASSOCIATION, an Illinois not-for-profit corporation, | ) ) ) ) | Honorable Raymond W. Mitchell, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing the amended complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure for failure to state a cause of action. The appellant's claims seeking relief under *quantum meruit* and unjust enrichment theories were barred, because there was an underlying written contract which gave the appellee the complete ability to terminate the contract when it did, without further obligation to pay appellant.

¶ 2    The plaintiff-appellant Viper Tradeshow Transportation, Inc. and defendant-appellee

American Veterinary Medical Association (AVMA) entered into a written contract under which

Viper would provide convention services for three annual AVMA conventions. After AVMA terminated the contract, Viper sued under various theories. The circuit court granted AVMA's motion to dismiss and dismissed the case with prejudice. We affirm.

¶ 3                                   BACKGROUND

¶ 4     The following recitation of facts is taken from the pleadings and exhibits of record. On March 14, 2016, the parties entered into a written agreement under which Viper would provide exposition, trade show, and convention services for AVMA's 2018, 2019, and 2020 conventions to be held in Denver, Washington, and San Diego. The agreement provided that: (1) Viper would provide certain listed services for a flat fee of $10,000, including "all preshow planning and equipment"; (2) Viper would store AVMA equipment and graphics between conferences on a complimentary basis; (3) any data generated or collected by Viper while performing its services would be AVMA's exclusive property; and (4) Viper would provide graphics and signage according to a set per-item fee schedule. Services included, among other things, floor plan and exhibit design, graphics, furnishings and equipment, set-up, management, removal, and storage of AVMA's property between shows. Under the agreement, convention exhibitors would pay Viper directly for their space, and Viper would then pay some of the exhibitors' fees back to AVMA in the form of a discount to the amount due from AVMA.

¶ 5     The agreement contains a section entitled "Termination" which states in pertinent part:

> "AVMA may terminate this Agreement without further liability to Viper with prior,
> written notice to Viper if: * * * 4. Viper fails to perform the Services for any Event
> to AVMA's reasonable satisfaction in AVMA's sole discretion, or AVMA decides
> in its sole discretion to terminate this Agreement for any reason. If AVMA

terminates this Agreement under this subparagraph 4, AVMA shall provide Viper with no less than six months prior written notice of termination."

The agreement also contains an integration clause reading: "This agreement contains the entire agreement between the parties regarding the subject matters referred to herein, and shall supersede all prior oral and written agreements between them regarding such matters."

¶ 6    On December 10, 2018, after Viper completed services for the 2018 convention, AVMA notified Viper that it was terminating the contract as to the 2019 and 2020 conventions. AVMA stated that "Viper failed to perform the [2018 convention services] to the AVMA's satisfaction." AVMA requested that Viper return AVMA's data, equipment, graphics, and other inventory stored by Viper. This termination occurred more than six months before the next 2019 convention was set to begin, and Viper does not contend it was untimely.

¶ 7    About a week later, Viper responded to the termination notice. Viper took the position that the termination was without cause. It demanded payment of non-contractual discounts and included an invoice for work already done for the 2019 convention for $23,052.80. Viper later issued two additional invoices for this work, each of which was for more than $150,000. AVMA eventually used some of the materials which Viper had already prepared for the 2019 convention. Viper had already made site visits to the convention venue, created floor plans, and began planning an inventory review for the upcoming convention. At the time of termination, AVMA had Viper's floor plans, designs, and graphics, which, according to Viper, "misappropriated without compensation."

¶ 8    Viper filed a three-count amended complaint against AVMA, which is the operative complaint for the purposes of this appeal. Count I is a claim for breach of contract. The other

counts rely on the same underlying facts. Count II is a claim in *quantum meruit*, and count III seeks relief under the theory of unjust enrichment. Viper eventually sought damages of $168,625.80.

¶ 9    AVMA moved to dismiss all three counts pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)). After briefing, the circuit court issued an order granting the motion and dismissing the entire amended complaint with prejudice.

¶ 10    The circuit court first found that Viper had not pleaded facts showing that AVMA had breached the contract, because paragraph 4 of the contract's termination section allowed AVMA to terminate the contract six months before the 2019 convention date, which it did. The court rejected Viper's argument that the term "without further liability" required AVMA to pay Viper for discretionary discounts, for services Viper had already performed for the 2019 convention, and for use of materials which Viper had created. It found that nothing in the plain language of the contract required AVMA to make such payments.

¶ 11    The court also dismissed the *quantum meruit* claim because such a claim only allows recovery on a quasi-contract, that is, when no actual agreement exists between the parties. Here, because there was an actual written contract between the parties, a *quantum meruit* claim could not stand. Finally, the court found that Viper did not state a valid claim for relief under the theory of unjust enrichment, also because unjust enrichment does not apply when the parties have an express contract. The court dismissed the amended complaint with prejudice. This appeal followed.

¶ 12                                   ANALYSIS

¶ 13 On appeal, Viper does not contest the dismissal of count I (breach of contract), but it argues that the circuit court erred in dismissing count II (*quantum meruit*) and count III (unjust enrichment).

¶ 14    We first note that Viper's brief fails to comply with Illinois Supreme Court Rule 342 (eff. Oct. 10, 2019) because its appendix fails to contain, among other things: (1) a copy of the notice of appeal, (2) the circuit court's memorandum opinion and order, from which is the judgment being appealed, and (3) "any pleadings or other materials from the record that are the basis of the appeal or pertinent to it."  The table of contents of the record does not contain "the date of filing or entry" for any of the "pleadings, motions, notices of appeal, orders, and judgments" as required by that rule. Additionally, the statement of facts contains numerous citations to paragraphs in the amended complaint, rather than to the pages of the record at which those paragraphs may be found, as required by Rule 341(h)(6).

¶ 15    Supreme court rules are not mere suggestions; they are rules that must be followed. *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002). "Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal." *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). This court may strike an appellant's brief for noncompliance with Rule 341. *North Community Bank v. 17011 S. Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Striking a brief or dismissing an appeal for failure to comply with supreme court rules is, however, a harsh sanction. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Because the record is short and AVMA has provided a complete appendix in its brief, we will consider the merits of this appeal based on the brief presented. See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (reviewing court has choice to review merits, even in light of multiple Rule 341 mistakes).

¶ 16    The circuit court dismissed counts II and III of the amended complaint pursuant to section 2-615 of the Code. "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." (Internal citation omitted.) *Marshall v. Burger*

*King Corp.*, 222 Ill. 2d 422, 429 (2006). Exhibits attached to a complaint become a part of a complaint, and if there is any conflict between the factual matters in the exhibits and those alleged in the complaint, the factual matters in the exhibit control. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 114 Ill. 2d 278, 287 (1986) ("Where an exhibit is the instrument being sued upon, it controls over the facts alleged in the complaint"). "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts," and we "construe the allegations in the complaint in the light most favorable to the plaintiff." *Marshall*, 222 Ill. 2d at 429. Illinois is a fact-pleading jurisdiction, and a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *Id*. at 429–30. "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id*. at 429. We review an order granting or denying a section 2-615 motion *de novo. Id*.

¶ 17    In count II of the amended complaint, Viper seeks relief under the theory of *quantum meruit.* The term "*quantum meruit*," which means "as much as he deserves," is an expression used to describe the extent of liability on a "quasi-contract," *i.e.*, a contract implied in law. (Internal quotation marks omitted.) *Archon Construction Co. v. U.S. Shelter, L.L.C.*, 2017 IL App (1st) 153409, ¶ 30. A quasi-contract, or contract implied in law, is one where there is no actual agreement between the parties, but nonetheless a duty is imposed to prevent injustice. *Id*. As such, claims sounding in *quantum meruit* are predicated upon the reasonable value of the services performed. *Id*. To recover under a *quantum meruit* theory, a plaintiff must show (1) it performed a service to benefit the defendant, (2) it did not perform the service gratuitously, (3) defendant accepted the service, and (4) no contract existed to prescribe payment for the service. *Id*. ¶ 31. Under the fourth element, it has been well established that actions in quasi-contract, such as

*quantum meruit*, are precluded when there is an express contract between the parties regarding the work that was performed. *Id.* ¶ 32 (citing *People v. Kinion*, 97 Ill. 2d 322, 332 (1983)). "Simply put, if an express contract exists between the parties concerning the same subject matter, a party cannot assert a claim on a contract implied in law." *Id.* ¶ 33. Long ago, our supreme court explained that the two theories of express and implied contact are mutually exclusive:

> "As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there can not be an express and an implied contract for the same thing, existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree, that the law interposes and raises a promise." *Walker v. Brown*, 28 Ill. 378, 383 (1862).

More recently, this court explained:

> "When parties enter into a contract they assume certain risks with an expectation of a return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasi-contract for recovery. This the law will not allow. Quasi-contract is not a means for shifting a risk one has assumed under contract." *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.*, 104 Ill. App. 3d 357, 361 (1982).

¶ 18    To avoid this result, Viper argues that once AVMA unilaterally terminated the contract, the fourth element of the *quantum meruit*—the existence of a valid contract—no longer barred its recovery because the contract simply no longer existed. But, as AVMA correctly points out, Viper seeks compensation for services it provided *during* the contract term, from March 14, 2016 to

December 12, 2018. The basic framework of the contract was that AVMA would pay a nominal fee to Viper, Viper would exclusively provide certain convention services to exhibitors, and those exhibitors would, in turn, pay Viper. Viewed against this backdrop, the contract's unilateral termination clause and its provision that AVMA could retain Viper's work products were somewhat one-sided in favor of AVMA. However, contracts are enforced as written. *Goodman v. Hanson*, 408 Ill. App. 3d 285, 292 (2011). Viper assumed the risk that AVMA would exercise its right to terminate at an inopportune time, that is, after Viper had invested its own efforts toward an upcoming convention, but before Viper would have a chance to be reimbursed by convention exhibitors. Therefore, the circuit court did not err in dismissing count II of the amended complaint.

¶ 19    We next proceed to consider Viper's contention that the court erred in dismissing count III, the unjust enrichment claim. Under the doctrine of unjust enrichment, a plaintiff must show that the defendant has "unjustly retained a benefit to the plaintiff's detriment and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 (1989). Unjust enrichment is not an independent cause of action. *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024 (2009). Rather, it is merely a remedy for "unlawful or improper conduct as defined by law, such as fraud, duress or undue influence" (internal quotation marks omitted) (*Alliance Acceptance Co. v. Yale Insurance Agency, Inc.*, 271 Ill.App.3d 483, 492 (1995)). Alternatively, it may be based on contracts which are implied in law (*Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413, 425 (1998)). However, unjust enrichment is inapplicable when an express contract, oral or written, governs the parties' relationship. *Id*.

¶ 20    Here, Viper's unjust enrichment claim alleges facts that are virtually identical to those alleged in count II, which sought relief under the quite similar theory of *quantum meruit*. A

*quantum meruit* claim is essentially distinguished from an unjust enrichment claim by its means of calculating damages. "In a *quantum meruit* action, the measure of recovery is the reasonable value of work and material provided, whereas in an unjust enrichment action, the inquiry focuses on the benefit received and retained as a result of the improvement provided." *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 9 (2004). Under the facts presented, this is a distinction without a difference. Because the *quantum meruit* claim is deficient due to the written agreement between the parties, we are compelled to affirm the circuit court's dismissal of Viper's unjust enrichment claim in count III.

CONCLUSION

¶ 21     Accordingly, we affirm the judgment of the circuit court dismissing counts II and III of the amended complaint with prejudice. Count I remains dismissed with prejudice pursuant to the circuit court's order.

¶ 22     Affirmed.